**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **Brian Sexton**, | Bankruptcy No. 24-14852 |
| Debtor. | Honorable David D. Cleary |

### NOTICE OF EMERGENCY MOTION

**To:** See attached list.

**Please take notice** that, on **October 9, 2024, at 2:00 p.m.**, I will appear before the Honorable David D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, **or** electronically as described below, and present **Aldasheva's Emergency Motion for Relief from Stay**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and passcode.** The meeting ID is 161 122 6457, and the passcode is Cleary644. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: October 8, 2024

**Jamila Aldasheva**

By: /s/ Jeffrey K. Paulsen
One of Her Attorneys

—2—

Jeffrey K. Paulsen (6300528)
**Paulsen+HoltschlagLLC**
1245 S. Michigan, No. 115
Chicago, IL 60605
Tel:      (847) 644-9385
Email: jpaulsen@ph-firm.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re: | Chapter 13 |
| **Brian Sexton**, | Bankruptcy No. 24-14852 |
| Debtor. | Honorable David D. Cleary |

## ALDASHEVA'S EMERGENCY MOTION FOR RELIEF FROM STAY

This is the second chapter 13 bankruptcy case that Brian Sexton filed on the morning of a consequential hearing in his divorce case. In the first bankruptcy case, the Court immediately granted Jamila Aldasheva stay relief on an emergency basis so the divorce proceedings could continue, and the bankruptcy case was dismissed three months later, in April 2023, because Sexton was over the chapter 13 debt limit. Aldasheva again seeks stay relief on an emergency basis so that the parties can continue their divorce proceeding.

### 1. BACKGROUND.

Aldasheva and Sexton were married on July 29, 2011. Aldasheva petitioned for divorce from the Debtor in April 2019, commencing case 19-D-2943 in the Circuit Court of Cook County. The proceedings have been contentious.

Among other things, the parties disputed which of them should control the martial residence. On January 25, 2023, after a series of rulings in Aldasheva's favor and just two hours before Aldasheva was to present an emergency motion to remove Sexton from possession of the property, Sexton

filed his first chapter 13 bankruptcy case. That case was pending before Judge Cox as case no. 23-bk-00974.

On January 27, 2023, Aldasheva filed an emergency motion asking for stay relief so that she could take all steps necessary to enforce the divorce court's orders regarding the property. That motion was granted on January 30, 2023. Order (attached as Ex. A). Three months later, on April 10, 2023, the Court dismissed the bankruptcy case on the Trustee's motion, ruling that Sexton exceeded the debt limit and was therefore ineligible for relief under chapter 13 of the Bankruptcy Code. Order (attached as Ex. B).

After stay relief was granted and the bankruptcy case was dismissed, the divorce case continued. Among other things, on September 6, 2024, the court set a continued trial on Aldasheva's petition for dissolution of marriage on October 3, 7, and 10, 2024, beginning at 2pm each day. Order (attached as Ex. C). At issue in the trial is whether a judgment of dissolution should be entered, and how the marital property should be distributed. Trial proceeded on October 3, with Aldasheva testifying as the last witness in Sexton's case-in-chief. Sexton's lawyer represented that he had only approximately thirty minutes left of re-direct before they would be resting and the proofs would close in the divorce trial, thereby representing the end of all evidence in the divorce trial on the next trial date of October 7, 2024, at 2:00 p.m.

At 9:42 a.m. on October 7, 2024, just hours before the next (and likely final) day of trial, Sexton filed a pro se chapter 13 bankruptcy petition. Voluntary Petition (ECF No. 1). Sexton did not file his schedules of assets or liabilities. Despite this new bankruptcy case, at about 12:00 p.m. on October

—2—

7, Sexton filed a pro se notice of appeal in the divorce court, purporting to appeal several of that court's orders. Notice of Appeal (attached as Ex. D).

Also on October 7, 2024, the state court judge was advised of the Sexton's new chapter 13 case, and the judge continued the matter to October 10, 2024, at 10:00 a.m. for status on the bankruptcy proceedings. If stay relief is granted, Aldasheva expects that the state court will continue the trial in the afternoon of October 10 as previously scheduled.

## 2. DISCUSSION.

At the request of a party in interest and after notice and a hearing, the bankruptcy court shall grant relief from the automatic stay, such as by terminating, annulling, modifying, or conditioning the stay for caus. 11 U.S.C. § 362(d). In determining whether to modify the automatic stay for cause, factors generally looked-to in making that determination include the Debtor's good or bad faith, injury to the Debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and the proportionality of the harms from modifying or continuing the stay. *See, e.g.*, *Milne v. Johnson (In re Milne)*, 185 B.R. 280, 283 (N.D. Ill. 1995).

Here, the circumstances weigh in favor of stay relief. Aldasheva's efforts to seek a judgement of dissolution are not automatically stayed by Sexton's new bankruptcy filing. 11 U.S.C. § 362(b)(2)(A)(iv). As Judge Cox already ruled in Sexton's prior bankruptcy case, it is necessary for the divorce court to divide the marital assets before the bankruptcy court can know what constitutes property of the bankruptcy estate. Ex. A, at ¶ 4-5 (*citing In re Thorpe*, 881 F.3d 536 (7th Cir. 2018)). It makes sense for the same court to adjudicate both the dissolution of marriage and the division of assets, as

—3—

Judge Cox previously ruled. Just as he did before, Sexton filed this bankruptcy case without disclosing his assets or liabilities, just hours before a state court hearing. Just as Judge Cox did before, this Court should grant relief from the automatic stay on an emergency basis so that Aldasheva can continue the trial as scheduled on October 10, 2024.

Further, as Judge Cox did, this Court should waive the 14-day stay in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure. The parties are in the midst of a divorce trial; cause exists to waive the 14-day stay so the parties can proceed with trial without undue delay. Sexton himself has taken steps after this filing to pursue the divorce proceeding, filing a notice of appeal. Sexton should not be permitted to disrupt a trial that could lead to an adverse ruling, while continuing to litigate disputes he perceives as benefitting him.

**Wherefore**, Aldasheva requests this Court terminate the automatic stay for cause, waive the 14-day stay under Rule 4001(a)(3), and grant any further relief that is appropriate.

Dated: October 8, 2024

Respectfully submitted,

**Jamila Aldasheva**

By: /s/ Jeffrey K. Paulsen
One of Her Attorneys

Jeffrey K. Paulsen (6300528)
**Paulsen+HoltschlagLLC**
1245 S. Michigan, No. 115
Chicago, IL 60605
Tel:    (847) 644-9385
Email: jpaulsen@ph-firm.com

—4—

Form G-4

**REQUIRED STATEMENT**
**TO ACCOMPANY MOTIONS FOR RELIEF FROM STAY**

All Cases:  Debtor(s) _____ Brian Sexton _____ Case No. ___ 24-14852 ___ Chapter __13_

All Cases:  Moving Creditor _____ Jamila Aldasheva _____ Date Case Filed ___ Oct. 7, 2024 ___

Nature of Relief Sought: ☑ Lift Stay        ☐ Annul Stay      ☐ Other (describe) _____

Chapter 13:  Date of Confirmation Hearing _____ Nov. 25, 2024 _____ or Date Plan Confirmed _____

Chapter 7: ☐  No-Asset Report Filed on _____
            ☐ No-Asset Report not Filed, Date of Creditors Meeting _____

1.    Collateral
      a.       ☐  Home
      b.       ☐  Car   Year, Make, and Model _____
      c.       ☐  Other (describe)_____

2.    Balance Owed as of Petition Date   $ _____
      Total of all other Liens against Collateral $_____

3.    In chapter 13 cases, if a post-petition default is asserted in the motion, attach a payment history listing the amounts and dates of all payments received from the debtor(s) post-petition.

4.    Estimated Value of Collateral (must be supplied in *all* cases)   $ _____

5.    Default
      a.       ☐  Pre-Petition Default
              Number of months _____          Amount $ _____

      b.       ☐  Post-Petition Default
              i.       ☐  On direct payments to the moving creditor
                      Number of months _____          Amount $ _____

              ii.      ☐  On payments to the Standing Chapter 13 Trustee
                      Number of months _____          Amount $ _____

6.    Other Allegations
      a.       ☐  Lack of Adequate Protection  § 362(d)(1)
              i.       ☐  No insurance
              ii.      ☐  Taxes unpaid          Amount $ _____
              iii.     ☐  Rapidly depreciating asset
              iv.      ☐  Other (describe) _____

      b.       ☐  No Equity and not Necessary for an Effective Reorganization § 362(d)(2)

      c.       ☑  Other "Cause" § 362(d)(1)
              i.       ☑  Bad Faith (describe)_____ Case filed hours before continued divorce trial, etc. _____
              ii.      ☑  Multiple Filings
              iii.     ☑  Other (describe) _____ Case filed hours before continued divorce trial, etc. _____

      d.       Debtor's Statement of Intention regarding the Collateral
              i. ☐ Reaffirm   ii ☐ Redeem   iii. ☐ Surrender   iv. ☐ No Statement of Intention Filed

Date: _____ Oct. 8, 2024 _____          ____ /s/ Jeffrey K. Paulsen ____
                                                    Counsel for Movant

(Rev. 12 /21/09)

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case Number: 23-00974 |
| | ) | |
| Brian Sexton | ) | Chapter 13 |
| | ) | Honorable Jacqueline Cox |
| Debtor(s) | ) | |

## ORDER GRANTING EMERGENCY MOTION FOR RELIEF FROM AUTOMATIC STAY

This matter, coming to be heard on the emergency motion of Jamila Aldasheva, this Court having jurisdiction and being fully-advised under the premises, this Court orders:

1. Jamila Aldasheva is granted relief from the automatic stay as to 25 East Superior, Unit 4201, Chicago, Illinois 60611 (the "Property").

2. Jamila Aldasheva may take all actions necessary to enforce the Circuit Court of Cook County's orders relating to the Property, including seeking to remove Brian Sexton from the Property and continuing her efforts to market and sell the Property. No grant of authority from the United States Bankruptcy Court for the Northern District of Illinois is required for her to sell the Property.

3. The Circuit Court of Cook County may enter and enforce its orders relating to the Property and to Brian Sexton, including an order directing the removal of Brian Sexton from the Property.

4. The Court finds that there is cause to modify the automatic stay to allow the state court to divide the parties' marital assets. Until that is done this Court will not know what is in the bankruptcy estate. *In re Thorpe*, 881 F.3d 536 (7th Cir. 2018). The Debtor objects to the motion herein arguing that there is equity in the property beyond the debt(s) it secures.

5. That may well be the case. However, until the marital estate's division we will not know to whom that equity belongs, to the Debtor or his former spouse, the movant. In addition, the movant's concerns outweigh the Debtor's objection and concerns. The Debtor asks that this motion be continued to allow him to complete his obligations to file schedules and to make other disclosures pursuant to section 521 of the Bankruptcy Code. That is not acceptable. The state court is responsible for supervising the orderly sale of the parties' assets. Lifting the automatic stay facilitates that without sacrificing or prejudicing the Debtor's rights.

6. The 14-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived and is hereby made inapplicable.

Enter:

Dated:   January 30, 2023

_____
United States Bankruptcy Judge

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   23-00974 |
| | ) | |
| BRIAN SEXTON | ) | Chapter:  13 |
| | ) | Honorable Jacqueline P Cox |
| | ) | |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER DISMISSING FOR OVER THE DEBT LIMIT

THIS MATTER having come before this Court on the Trustee's Motion to Dismiss due to debtor being ineligible for relief under chapter 13 of the Bankruptcy Code. It is ordered that the Trustee's Motion to Dismiss is GRANTED.

Enter:

_Jacqueline P. Cox_
_____

Honorable Jacqueline Cox
United States Bankruptcy Judge

Dated:  April 10, 2023

**Prepared by:**

Thomas H. Hooper
Chapter 13 Trustee
55 E. Monroe St., Suite 3850
Chicago, IL  60603
(312) 294-5900

# EXHIBIT C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF     :

JAMILA ALDASHEVA,     :
  Petitioner       :

    vs.     : No.  2019 D 2943

BRIAN SEXTON,      :
  Respondent     :

**ENTERED**

Sep. 6, 2024

Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

## ORDER

THIS MATTER coming before this Court on June 26, 2024 and June 27, 2024 for continuing trial and upon Attorney Hanauer's Motion to Withdraw as attorney of record for Brian Sexton filed on June 24, 2024, the Court being fully advised in the premises, IT IS HEREBY ORDERED;

1. Attorney James Hanauer's motion to withdraw is denied in part and granted in part.  For the reasons stated by the Court, Attorney Hanauer's request to withdraw instanter is denied.  For the reasons stated by the Court, Attorney Hanauer's request to withdraw at the close of the proofs in the trial is granted.  When the proofs have closed in the trial of the divorce proceeding, Attorney Hanauer is granted leave to withdraw his appearance on behalf of Brian Sexton, instanter, and that time he will no longer be the attorney of record for Brian Sexton.  When the proofs have closed, the Court will set a further date for submission of the closing arguments and the filing of any post judgment motions.

In order to ensure notice to Brian Sexton of any actions taken in this case after the withdrawal of James Hanauer, Brian Sexton should retain other counsel or file a Supplementary Appearance on his own behalf within twenty-one (21) days after the close of the proofs in the trial of the divorce proceeding.  Any Supplementary Appearance filed by Brian Sexton in this case must state therein an address at which service of Notice or other papers may be served upon him.  Brian Sexton should provide all parties of record or their attorneys, a copy of a Supplementary Appearance.

If Brian Sexton fails to retain substitute counsel or file his Supplementary Appearance within twenty-one (21) days from the close of the proofs in the trial of the divorce proceeding, then notices or other papers may be served upon him by mail and/or email directed to him at the address and/or email address stated on the Illinois Supreme Court Rule 13 Notice served upon him with the motion to withdraw.

2. This case is set for continued trial on the Petitioner's Petition for Dissolution of Marriage on October 3, 2024, October 7, 2024 and October 10, 2024 at 2:00 p.m. each day in-person in Courtroom 3007.

3. All prior Rule 237 Notices are continued to the above trial dates.

DATED: September 6, 2024

ENTERED: s\Naomi H. Schuster 1966

The Law Office of James Hanauer, 35959
JamesHanauerLaw@aol.com
600 W. Roosevelt Rd., Suite B1
Wheaton, IL 60187
630/784-1800

Counsel for Petitioner: bhammer@hsqlawfirm.com , kserna@hsqlawfirm.com

# EXHIBIT D

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Appellate Courts.

| Instructions ▼ | |
|---|---|
| **Check the box to the right if your case involves parental responsibility or parenting time (custody/visitation rights) or relocation of a child.** | ☒ **THIS APPEAL INVOLVES A MATTER SUBJECT TO EXPEDITED DISPOSITION UNDER RULE 311(a).** |

FILED
CIRCUIT COURT OF COOK COUNTY, ILLINOIS

2024 OCT -7 PM 12: 08

**APPEAL TO THE APPELLATE COURT OF ILLINOIS**
_First_ District

IRIS Y MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY

**from the Circuit Court of**
_Cook_ County

Just below "Appeal to the Appellate Court of Illinois," enter the number of the appellate district that will hear the appeal and the county of the trial court.

If the case name in the trial court began with "In re" (for example, "In re Marriage of Jones"), enter that name. Below that, enter the names of the parties in the trial court, and check the correct boxes to show which party is filing the appeal ("appellant") and which party is responding to the appeal ("appellee").

In re :  _Marriage of_
_Jamila Aldasheva_

**Plaintiffs/Petitioners** *(First, middle, last names)*
☐ Appellants   ☒ Appellees

v.

_Brian Sexton_

**Defendants/Respondents** *(First, middle, last names)*
☒ Appellants   ☐ Appellees

**Trial Court Case No.:**
_2019 D60 2943_

**Honorable**
_Associate Judge Schuster_
**Judge, Presiding**

**Supreme Court Rule:**
_311(a)_

To the far right, enter the trial court case number, the trial judge's name, and the Supreme Court Rule that allows the appellate court to hear the appeal.

---

# NOTICE OF APPEAL (CIVIL)

In 1, check the type of appeal.

For more information on choosing a type of appeal, see *How to File a Notice of Appeal.*

**1.  Type of Appeal:**
  ☒ Appeal
  ☐ Interlocutory Appeal
  ☐ Joining Prior Appeal
  ☐ Separate Appeal
  ☐ Cross Appeal

In 2, list the name of each person filing the appeal and check the proper box for each person.

**2.  Name of Each Person Appealing:**
  Name: _Brian_ _Sexton_
    First      Middle      Last

  ☐ Plaintiff-Appellant   ☐ Petitioner-Appellant
**OR**
  ☐ Defendant-Appellant   ☒ Respondent-Appellant

Name: _____
           *First*                    *Middle*              *Last*

☐ Plaintiff-Appellant          ☐ Petitioner-Appellant

**OR**

☐ Defendant-Appellant          ☐ Respondent-Appellant

| | |
|---|---|
| In **3**, identify every order or judgment you want to appeal by listing the date the trial court entered it. | **3. List the date of every order or judgment you want to appeal:** |

October 4th 2024
*Date*

September 6" 2024
*Date*

October 1st 2024
*Date*

**4. State your relief:**

| | |
|---|---|
| In **4**, state what you want the appellate court to do. You may check as many boxes as apply. | ☐ reverse the trial court's judgment *(change the judgment in favor of the other party into a judgment in your favor)* and ☐ send the case back to the trial court for any hearings that are still required; |

☒ vacate the trial court's judgment *(erase the judgment in favor of the other party)*
and ☒ send the case back to the trial court for a new hearing and a new judgment;

☐ change the trial court's judgment to say: _____
_____

☒ order the trial court to: Allow Appellant pro se claim of ineffective
Counsel, let him represent himself and court to trigger Krankel rule
People v. Krankel, 102 ILL. 2d 181 464 N.E. 2d 1045 (1984)

☒ other: Allow All Respondents Motions to be heard
on record and for Court to schedule hearings on filed Motions.

and grant any other relief that the court finds appropriate.

| | |
|---|---|
| If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign by hand and print your name. Fill in your address, telephone number, and email address, if you have one. | /s/ _____   540 N. Dearborn st #10013<br>*Your Signature*   *Street Address*<br><br>Brian Sexton   Chicago, IL 60610<br>*Your Name*   *City, State, ZIP*<br><br>bsexton.ei1@gmail.com<br>*Email*   *Telephone*   *Attorney # (if any)* |

**Additional Appellant Signature**

/s/ _____   _____
*Signature*   *Street Address*

_____   _____
*Name*   *City, State, ZIP*

_____   _____
*Email*   *Telephone*   *Attorney # (if any)*

| |
|---|
| **GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties. |

**Find Illinois Supreme Court approved forms at:** illinoiscourts.gov/documents-and-forms/approved-forms.

NAA-N 2803.6                    Page 2 of 4                    (05/22)

**PROOF OF SERVICE** *(You must serve the other party and complete this section)*

| | |
|---|---|
| In **1a**, enter the name, mailing address, and email address of the party or lawyer to whom you sent the document. | |
| In **1b**, check the box to show how you sent the document, and fill in any other information required on the blank lines. | |
| In **1b**, check the box to show how you are sending the document. **CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the other options. | |
| In **c**, fill in the date and time that you sent the document. | |

1.　I sent this document:

　　a.　To:

　　　　Name: _Jamila_ _____ _Aldasheva_
　　　　　　　　*First*　　　　　　　*Middle*　　　　　*Last*

　　　　Address: _One Chicago, 23 W Chicago Ave # 4802_
　　　　　　　　*Street, Apt #*　　　　*City*　　　*State*　_Chicago, IL 60654_
　　　　Email address: _____　　*ZIP*

　　b.　By:

　　　　☐ An approved electronic filing service provider (EFSP)

　　　　☐ Email *(not through an EFSP)*
　　　　*Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*

　　　　☐ Personal hand delivery to:

　　　　　　☐ The party

　　　　　　☐ The party's family member who is 13 or older, at the party's residence

　　　　　　☐ The party's lawyer

　　　　　　☐ The party's lawyer's office

　　　　☒ Mail or third-party carrier

　　c.　On: _10-7-24_
　　　　　　　*Date*

　　　　At: _5_ ☐ a.m. ☒ p.m.
　　　　　*Time*

2.　I sent this document:

　　a.　To:

　　　　Name: _Kristin_ _____ _Serna_
　　　　　　　　*First*　　　　　　　*Middle*　　　　　*Last*

　　　　Address: _77 W Wacker Ste 4500_
　　　　　　　　*Street, Apt #*　　　　*City*　　　*State*　_Chicago IL 60601_
　　　　Email address: _____　　*ZIP*

　　b.　By:

　　　　☐ An approved electronic filing service provider (EFSP)

　　　　☐ Email *(not through an EFSP)*
　　　　*Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*

　　　　☐ Personal hand delivery to:

　　　　　　☐ The party

　　　　　　☐ The party's family member who is 13 or older, at the party's residence

　　　　　　☐ The party's lawyer

　　　　　　☐ The party's lawyer's office

　　　　☒ Mail or third-party carrier

　　c.　On: _10-7-24_
　　　　　　　*Date*

　　　　At: _5_ ☐ a.m. ☒ p.m.
　　　　　*Time*

**Find Illinois Supreme Court approved forms at:** illinoiscourts.gov/documents-and-forms/approved-forms.

NAA-N 2803.6　　　　　　　　　　　　　Page 3 of 4　　　　　　　　　　　　　(05/2

| In 3, if you sent the document to more than 1 party or lawyer, fill in a, b, and c. Otherwise leave 2 blank. |
|---|

3. I sent this document:

   a.   To:

      Name: _____

               *First*           *Middle*        *Last*

      Address: _____

               *Street, Apt #*    *City*    *State*    *ZIP*

      Email address: _____

   b.   By:

      ☐ An approved electronic filing service provider (EFSP)

      ☐ Email *(not through an EFSP)*
      *Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*

      ☐ Personal hand delivery to:

         ☐ The party

         ☐ The party's family member who is 13 or older, at the party's residence

         ☐ The party's lawyer

         ☐ The party's lawyer's office

      ☐ Mail or third-party carrier

   c.   On: _____

          *Date*

      At: _____ ☐ a.m. ☐ p.m.
          *Time*

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. |
|---|
| If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign by hand and print your name. |

**I certify that everything in the Proof of Service is true and correct. I understand that making a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.**

/s/ _____
*Your Signature*

Brian Sexton
_____
*Print Your Name*                 *Attorney # (if any)*

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br>__Cook__ COUNTY | CERTIFICATION FOR EXEMPTION FROM E-FILING | For Court Use Only |

**Instructions ▼**

Directly above, enter the name of the county where the case was filed.

Enter the name of the person who started the lawsuit as Plaintiff/Petitioner.

Enter the name of the person being sued as Defendant/Respondent

Enter the Case Number given by the Circuit Clerk or leave this blank if you do not have one.

Jamila Aldasheva
**Plaintiff / Petitioner** *(First, middle, last name)*

v.

Brian Sexton
**Defendant / Respondent** *(First, middle, last name)*

FILED
CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
2024 OCT -7 PM 12:00
IRIS Y MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY

2019 D 002943
**Case Number**

---

In 1, check the reasons you are asking to file by mail or in person. You should check all that apply.

You are exempt from e-filing and you do not need to file this *Certification* if:
• you are in jail or prison;
• you are filing a will;
• you are filing into a juvenile case; OR
• your disability prevents you from e-filing.

1. **I am not able to e-file documents in this case for the following reasons** *(check all that apply)*:

[X] I am representing myself and do not have the Internet or a computer in my home. My only access is through a public terminal at a courthouse, library, or other location. This poses a financial or other hardship.

[ ] I am representing myself and have trouble reading, writing, or speaking in English.

[ ] I am filing a document in a sensitive case, such as a petition for an order of protection or a civil no contact/stalking order.

2. **Illinois Supreme Court Rule 9(c)(5) allows for an exemption from e-filing for good cause. For the above reasons, I need a good cause exemption from e-filing for my entire case or until I am able to e-file.**

---

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

After you finish this form, sign and print your name.

Enter your complete address and telephone number.

I certify that everything in the *Certification for Exemption from E-filing* is true and correct. I understand that making a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.

_____
*Your Signature*

Brian Sexton
*Print Your Name*

540 N Pearson St #10013
Street Address

Chicago IL 60610
City, State, ZIP

_____
Telephone

EW-C 3401.2                    Page 1 of 1                    (01/19)