**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | BK No.: 24-14852 |
| Brian Sexton | ) | |
| | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. David D. Cleary |

## NOTICE OF MOTION

To:

Brian Sexton, 540 N Dearborn Street, Box 10023, Chicago, IL 60610 (Via U.S. Mail)(*Debtor*)
Marilyn O Marshall, 224 South Michigan Ste 800, Chicago, IL 60604 (Via CM/ECF) (*Ch. 13 Trustee*)
Adam G. Brief, Acting U.S. Trustee, Office of the U.S. Trustee, Region 11, 219 S Dearborn Street,
Room 873, Chicago, IL 60604 (Via CM/ECF) (*U.S. Trustee*)

**PLEASE TAKE NOTICE** that on **October 28th, 2024, at 1:30 p.m**, I will appear before the
Honorable David D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 of the
U.S. Courthouse at 219 South Dearborn Street, Chicago, IL 60604, **or** electronically as described
below, and present the motion of **The Fordham Condominium Association for Relief from the
Automatic Stay,** a copy of which is attached.

     **Important: Only parties and their counsel may appear for presentment of the motion
electronically using Zoom for Government. All others must appear in person.**

     **To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/.   Then
enter the meeting ID and passcode.

     **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or
1-646-828-7666. Then enter the meeting ID and passcode.

     **Meeting ID and passcode**. The meeting ID for this hearing is 161 122 6457 and the passcode
is Cleary644. The meeting ID and password can also be found on the judge's page on the court's web
site.

     **If you object to this motion** and want it called on the presentment date above, you must file
a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is
timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely
filed, the court may grant the motion in advance without a hearing.

The Fordham Condominium Association,
By:


    /s/ Adham Alaily


Egan & Alaily LLC
20 S. Clark Street, Suite 2120

Chicago, IL 60603
(312) 253-8640
aalaily@ea-atty.com

Gabriella R. Comstock
Keough & Moody
114 East Van Buren
Naperville, IL 60540
grc@kmlegal.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on October 17, 2024 he caused the above listed parties to be served by United States Postal Service by first class mail, postage prepaid, from 20 S. Clark Street, Suite 2120, Chicago, Illinois 60654, before 5:00 P.M. on that date, a copy of the foregoing Notice of Motion and **Motion for Relief from the Automatic Stay**, or electronically by virtue of the CM/ECF system, as indicated above.

/s/ Adham Alaily

Adham Alaily
aalaily@ea-atty.com
EGAN & ALAILY LLC
20 S. Clark Street, Suite 2120
Chicago, Illinois 60603
(312) 253-8640
aalaily@ea-atty.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | BK No.: 24-14852 |
| Brian Sexton | ) | |
| | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. David D. Cleary |

**THE FORDHAM CONDOMINIUM ASSOCIATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The Fordham Condominium Association ("Association"), by the undersigned attorneys, moves this Court for relief from the automatic stay and in support thereof states as follows:

**Background**

1.      The Association is duly organized as an Illinois Not-for-Profit Corporation in good standing and is a condominium association established pursuant to the Illinois Condominium Property Act 765 ILCS 605/1, et seq. ("Act") and the Declaration of Condominium Pursuant to the Condominium Property Act The Fordham Condominium, recorded with the Cook County Recorder of Deeds as Document Number 0021328830 ("Declaration").

2.      The Association is located at 25 East Superior Street, in the City of Chicago, Cook County, Illinois, 60611, and consists of 229 condominium units. The two units described below are located within the Association.

3.      Debtor has an interest in Unit 4201, by virtue of being a member of the LLC that has power of direction over the land trust that owns the unit. However, as of February 21, 2023, the Debtor no longer has a possessory interest in Unit 4201, by virtue of a Court Order that states the following:

> "[Debtor] is hereby prohibited *instanter* from entering, remaining or otherwise being present in or around the Marital Residence located at 25 East Superior, Unit 4201, Chicago, Illinois 60611 and any other location associated with the ownership of the Marital Residence including but not limited to the garage spaces, the storage unit, and

1

the humidor located in 25 East Superior, Chicago, Illinois." (*See* Court Order, attached hereto as Exhibit A).

4.    Since that time, Debtor has - with the help of bad actor Lisa Vitale - unlawfully taken possession of Unit 404, along with the Association's common areas. Vitale has provided Debtor with key fobs that grant access to the Association's common areas, and a key to Unit 404 to access the unit.

5.    Defendant Chicago Title Land Trust Company, as the successor trustee of Trust Number 5218 is the record owner of Unit 404. Ronen Glimer is the party who holds the power of direction for Trust Number 5218. Lisa Vitale is the tenant of Unit 404. Debtor has no legal or equitable rights in Unit 404.

6.    During his presence in Unit 404 and the Association common areas, Debtor has violated the Association's Bylaws and Rules and has undertaken a crusade of harassing and intimidating behavior to the Association's members and agents.

7.    This resulted in the Association filing a 4-count complaint against Debtor (and Vitale) for equitable relief[1] (Cook County case no. 24 CH 05690). (A copy of the Complaint [without exhibits] is attached hereto as Exhibit B and incorporated by reference herein). The complaint sets forth the Debtor's conduct and actions that violates the Association's governing rules.

8.    Seeking prompt relief, the Association was forced to file a Motion for Preliminary Injunction against the Debtor, seeking an order that enjoins the Debtor from trespassing and for other relief. (A copy of the Motion for Preliminary Injunction is attached as Exhibit C and incorporated by reference herein).

---

[1]No money damages are sought against Debtor.

2

9.      An evidentiary hearing on the Motion for Preliminary Injunction is scheduled for November 21, 2024 in state court.

**Argument**

10.     Cause exists under 11 U.S.C. 362(d)(1) for relief from the automatic stay to allow the Association to continue to seek state court equitable remedies against the Debtor.

11.     Bankruptcy courts commonly consider three factors in deciding whether stay relief to pursue litigation in another forum is appropriate: (1) whether prejudice to the debtor or debtor's estate will result by continuing the litigation, (2) whether the hardship of the non-debtor party outweighs the hardship of the debtor should the automatic stay remain in place, and (3) whether the moving party has a probability of prevailing on the merits should the stay be lifted.  Matter of Fernstrom Storage and Van Co., 938 F.2d 731 (7th Cir. 1991).

12.     All three factors weigh in favor of the Association.

13.     First, there is no prejudice to the Debtor in allowing the continuance of the state court litigation because there is no chance of parallel litigation in bankruptcy court.  This is because the Debtor has no monetary obligation to the Association and the Association has no bankruptcy claim against the Debtor.  The only "claim" is the Association's lawsuit against Debtor in which the Association seeks equitable relief against the Debtor for violating the Association's bylaws and rules.

14.     Likewise, allowing the state court litigation to proceed will not impact the feasibility of the Debtor's Chapter 13 plan or otherwise delay (or even affect) the bankruptcy proceeding.

15.     Second, and perhaps most critically, the hardship of the Association heavily outweighs the hardship of the debtor should the automatic stay remain in place.  This is because the Association has no recourse in bankruptcy court (because Debtor has no monetary obligation to the Association).  As a result, should the automatic stay in place, the Debtor could conceivably spend 5 years of a Chapter

13 plan continuing to violate the Association's bylaws and rules, and there would absolutely nothing the Association could do about it.

16. Third, the Association has a probability of prevailing on the merits should the stay be lifted. Both the Association's state court Complaint and its Motion for Preliminary Injunction are either verified or supported by affidavit, and set forth the law governing the parties and the factual basis for the Association's allegations that the Debtor is violating said laws. (*See* Exibits B and C). A review of the case docket reveals that Debtor has not filed an answer to the state court Complaint that would indicate the Debtor has a meaningful defense to the case.

17. For these reasons, relief from the automatic stay "for cause" is appropriate, so that the Association can continue its state court litigation.

WHEREFORE, The Fordham Condominium Association respectfully requests that this Court enter an order granting it relief from the automatic stay to continue with the state court litigation, and for any other relief this Court deems just and equitable.

The Fordham Condominium Association,

BY:      /s/ Adham Alaily
One of its attorneys

Adham Alaily
Egan & Alaily, LLC
20 S. Clark Street, 2120
Chicago, IL 60603
aalaily@ea-atty.com

Gabriella R. Comstock
Keough & Moody
114 East Van Buren
Naperville, IL 60540
grc@kmlegal.com

4