FILED
6/26/2024 10:41 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH05690
Calendar, 7
28268504

FILED DATE: 6/26/2024 10:41 AM   2024CH05690

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT-CHANCERY DIVISION**

| | | |
|---|---|---|
| THE FORDHAM CONDOMINIUM ASSOCIATION, an Illinois Not-For-Profit Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case Number 2024 CH 05690 |
| CHICAGO TITLE LAND TRUST COMPANY, as the successor trustee of Trust Number 5218; UNKNOWN BENEFICIARIES OF TRUST NUMBER 5218; LISA CHANG VITALE; and BRIAN SEXTON. | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MOTION FOR PRELIMINARY INJUNCTION

NOW COMES Plaintiff, THE FORDHAM CONDOMINIUM ASSOCIATION ("Association"), by and through its attorneys, Keough & Moody, P.C., and for its Motion for Preliminary Injunction ("Motion") against CHICAGO TITLE LAND TRUST COMPANY, as the successor trustee of Trust Number 5218 ("Trust"); UNKNOWN BENEFICIARIES OF TRUST NUMBER 5218; LISA CHANG VITALE ("Vitale"); and BRIAN SEXTON ("Sexton"), states as follows:

### Plaintiff's Right to Injunctive Relief

1.      The Association filed its Verified Complaint for Injunctive and Other Equitable Relief ("Complaint") on June 18, 2024.  *See* Plaintiff's Complaint which is hereby incorporated within this Motion, as though fully restated herein.

2.      The Complaint prays for the entry of an order granting the Association injunctive relief. *See* Count IV of Plaintiff's Complaint.

3.      The Complaint alleges that the Property within the Association is subject to the

FILED DATE: 6/26/2024 10:41 AM   2024CH05690

terms of the Illinois Condominium Property Act ("Act") and the Declaration of Condominium for the Association ("Declaration").  *See* ¶¶ 1 and 21of Plaintiff's Complaint.

4.      The Complaint alleges that Vitale and Sexton are using the property commonly known as 25 East Superior Street, Unit 404, Chicago, Illinois ("Unit 404") in violation of the Association's condominium instruments as non-authorized persons are allowed free access of the Association's common elements, which is reserved for Owners and authorized occupants.  *See* Plaintiff's Complaint.

5.      The Complaint alleges that Vitale and Sexton acted in a manner that jeopardizes the safety and welfare of the other Owners, residents, staff and agents of the Association.  *See* Plaintiff's Complaint.

6.      The Association has a protectable right to and obligation to enforce its Declaration for the benefit of all Owners and to prevent its employees and personnel from being harassed.

7.      The Association, its residents, and its agents will be irreparably harmed if an injunction is not entered in the Association's favor a.) preventing the Trust, Vitale, and Sexton from continuing to violate the Association's condominium instruments which jeopardizes the safety of the other owners, and b.) preventing Vitale from harassing the Association's employees and personnel.

8.      The Association has no adequate remedy at law as no amount of money damage will fully compensate the Association so long as the Trust and Vitale continue to violate the Declaration, if Sexton is allowed to either to continue as a guest or trespasser, and if Vitale continues to harass the Association's employees and personnel.

9.      The Association enjoys a likelihood of success on the merits of its Complaint, and the balance of hardships weigh in favor of granting the injunctive order.

2

FILED DATE: 6/26/2024 10:41 AM   2024CH05690

## Allegations in Support of Entry of Injunctive Relief

10.     The Association is a not-for-profit corporation, who acts through its Board of Directors, and who can engage a management company to assist in the day-to-day operations of the Association.  *See* ¶¶ 1, 27, 35, 38, and 55 of Plaintiff's Complaint.

11.     The Complaint alleges, that the Trust owns Unit 404, which is located within the Association, and pursuant to a written lease, Vitale is the tenant and occupant of Unit 404.  *See* ¶¶ 3, 4, 6, and 7 of Plaintiff's Complaint.

12.     The Complaint alleges that Ronen Glimer ("Glimer") is the party who holds the power of direction for the Trust.  *See* ¶ 5 of Plaintiff's Complaint.

13.     The Complaint alleges that per the terms of the lease only Lisa and Arabella Vitale are to occupy Unit 404.  *See* ¶¶ 6-9 of Plaintiff's Complaint.

14.     The Complaint alleges that Unit 404 is subject to the rules and regulations of the Association and that the tenant or the guest of the tenant shall comply at all times with the rules and regulations, declaration, covenants, and restrictions of the condominium Association.  *See* ¶ 12 of Plaintiff's Complaint.

15.     The Complaint alleges that Sexton is not a tenant, owner, or authorized occupant of Unit 404, and while he is a member of a limited liability company that has the power of direction of another condominium unit within the Association, he has no legal right to be present, around, or possess the other condominium unit.  *See* ¶¶ 68-72 of Plaintiff's Complaint.

16.     The Complaint alleges that since Sexton does not have any right to use or possess any condominium unit within the Association, the Association's books and records do not identify him as an owner or member of any condominium unit.  *See* ¶¶ 14-17 and 122 of Plaintiff's Complaint.

3

17.     The Complaint alleges that the right to use the common elements and to use and occupy a condominium unit is subject to the terms of the Act, the Association's condominium instruments and the Association's rules and regulations. *See ¶ 22 of Plaintiff's Complaint.*

18.     The Complaint alleges that the Association's Declaration provides that unit owners and their permitted occupants and invitees have the right to use the common elements for all purposes incident to the use and occupancy of a unit, that such rights are appurtenant to and run with the unit, and that any lease shall be subject to the terms of the Association's Declaration. *See ¶¶ 23 and 25 of Plaintiff's Complaint.*

19.     The Complaint alleges that unit owners are members of the Association and that if they lease their units, they are not relieved of any obligation under the Declaration. *See ¶¶ 26, 28, and 39 of Plaintiff's Complaint.*

20.     The Complaint alleges that no noxious or offensive activity shall be carried on in any unit or in the common elements, that the Association shall have the right to enjoin, abate or remedy by appropriate legal proceeding the continuance of any breach, and such breach by a lessee shall also be considered a violation of any lease. *See ¶¶ 25, 30, and 31 of Plaintiff's Complaint.*

21.     The Complaint alleges that the Association's Board of Directors has the authority to adopt rules and regulations, which it did, and which prevent a resident from acting in a manner that unreasonably interferes with the quiet use and enjoyment of another resident and which prevents harassing conduct. *See ¶¶ 36, 41, 43-45 of Plaintiff's Complaint.*

22.     The Complaint alleges that unit owners are responsible for the actions of their residents, and the guests and visitors of the owners' condominium unit. *See ¶ 46 of Plaintiff's Complaint.*

4

23. The Complaint alleges that the rules prevent, in part:

    a.    loitering in the common elements;
    b.    smoking in the common elements;
    c.    propping open of doors or tampering of the locking mechanism of any door;
    d.    admittance of any residents or guests whose access is not authorized by a resident; and
    e.    using the Hospitality Room for those who are not owners or residents, unless they are in the Hospitality Room as part of the Owner's entertaining.

*See* ¶¶ 47-52 of Plaintiff's Complaint.

24. The Complaint alleges that the Association utilizes a key fob system which is separate and distinct from the locks for individual units, and which allows access to certain areas of the Building by unit owners, authorized residents, or occupants. *See* ¶¶ 57-59 of Plaintiff's Complaint.

25. The Complaint alleges that Vitale, as an authorized occupant and as a real estate agent who lists for sale condominium units within the Association, provided Sexton with fobs so that he could have access to all areas of the Association's common elements, come and go as he pleased, and so Sexton could enjoy all the same rights and privileges as unit owners and other authorized occupants of a condominium unit. See ¶¶ 64-65, 77-79, 89, 100, 106, 108-109, 112-118 of Plaintiff's Complaint.

26. The Complaint alleges that the Association notified the Trust and Vitale that transferring a fob and allowing a non-authorized occupant to use and enjoy the common elements was a violation of the condominium instruments. *See* ¶¶ 73-76, 81-84, 87, 95, 97-98, and 107 of Plaintiff's Complaint.

27. The Complaint alleges that the Association demanded that the Trust and Vitale cease and desist from this conduct and comply with the Association's condominium instruments, and if they did not the Association would deactivate the fob for a specific period of time. *See* ¶¶ 73-76, 81-84, 87, 95, 97-98, and 107 of Plaintiff's Complaint.

5

28.     The Complaint alleges that Sexton acted in a manner that was disruptive and harassing to the Association's managing agent, which resulted in the Association sending him a cease and desist letter.  *See* ⁋⁋ 70-72 of Plaintiff's Complaint.

29.     The Complaint alleges that Vitale sent communication to the Association's on-site community association manager's supervisors alleging that the manager was acting illegally by locking Vitale out of Unit 404, without providing her notice or reason for the lockout.  *See* ⁋⁋ 94 and 111 of Plaintiff's Complaint.

30.     The Complaint alleges that Vitale was told several times that each time she transferred the fob to a non-authorized occupant, her fobs would be deactivated and that since she is not a member of the Association, she had to discuss the matter with her landlord, not the managing agent for the Association.  *See* ⁋⁋ 76, 95-98 of Plaintiff's Complaint.

31.     The Complaint alleges that in addition to giving the Trust and Glimer an opportunity for a hearing with the Board of Directors, the Trust and Glimer were notified of the violations committed by their tenant and the Association demanded that they take action to stop their tenant from providing unfettered access to a non-authorized occupant.  *See* ⁋⁋ 73-75, 82-85, and 107 of Plaintiff's Complaint.

32.     The Complaint alleges that Sexton has identified himself as an occupant of Unit 404, as he identified that as his address with filings within the Circuit Court of Cook County.  *See* ⁋ 18 of Plaintiff's Complaint.

33.     The Complaint also alleges that Sexton, when signing in at the front desk, indicated he was going to see "himself" in Unit 404.  *See* ⁋ 105 of Plaintiff's Complaint.

6

34.      Since the lawsuit was filed, the Association has reason to believe that Sexton is storing items in a storage locker on the Association's Property.  Attached hereto as **Exhibit A** is a true and accurate copy of the Affidavit of Jhoanna Adorno.

35.      Since the lawsuit was filed, as supported by video footage, while alone, at approximately 4:30 p.m. on June 19, 2024, Sexton gained entry into the Fitness Center and thereafter video footage supports him working out in the Fitness Center.  *See* **Exhibit A**.

36.      The fob usage report does not indicate that Vitale accessed the Fitness Center on June 19, 2024, at approximately 4:30 p.m.  *See* **Exhibit A**.

37.      In addition, Vitale was not seen in the Fitness Center on June 19, 2024, at approximately 4:30 p.m.  *See* **Exhibit A**.

38.      Since the lawsuit was filed, as supported by video footage and the fob usage report, while alone, on June 23, 2024, at approximately 2:34 p.m., Sexton used the fob assigned to Unit 404 to access the 11th Floor Pool Door.  *See* **Exhibit A**.

## ENTRY OF PRELIMINARY INJUNCTION IS PROPER

39.      The party seeking a preliminary injunction " . . . need only show that he raises a 'fair question' about the existence of his right and that the court should preserve the status quo until the case can be decided on its merits." *Buzz Barton & Associates, Inc. v. Giannone*, 108 Ill.2d 373, 382 (1985).

40.      A preliminary injunction should be granted when the moving party establishes 1.) he/she possess a clearly ascertainable right which is in need of protection; 2.) he/she will suffer irreparable injury without the injunction; 3.) there is no adequate remedy at law for his/her injury; and 4.) a likelihood of success on the merits.  *In re Marriage of Petersen*, 319 Ill. App. 3d 325, 336 (1st Dist. 2001).

FILED DATE: 6/26/2024 10:41 AM   2024CH05690

41.     "Status quo" is "' . . .the last peaceable uncontested status which preceded the pending controversy.'" *Steel Bank of Village of Orland Hills*, 224 Ill. App. 3d 412, 418 (1st Dist. 1991) *quoting Martin v. Eggert*, 174 Ill. App. 3d 71, 77 (2d Dist. 1988).

42.     Despite the Association's repeated demands and deactivation of fobs, Vitale and Sexton continue to violate the Association's condominium instruments and the rules and regulations.  *See* **Exhibit A**.

43.     Sexton continues to use the fob assigned to Unit 404 or otherwise assigned to Vitale.  *See* **Exhibit A**.

44.     Sexton is either a guest of Unit 404 or a trespasser.

45.     Regardless, Sexton has no legal right to have unfettered access to the common elements and to exercise the rights and privileges reserved for only unit owners and authorized occupants.

46.     Defendants failed to comply with the notices and demands by the Association and its agents and remain in default of the provisions of the Association's Declaration and rules and regulations.  *See* **Exhibit A**.

47.     Upon information and belief, the Trust and Glimer have tried to convey to Vitale the need to comply with the Association's condominium instruments and not to transfer the fobs assigned to Unit 404.  *See* **Exhibit A**.

48.     Allowing an unauthorized occupant to have unfettered access to the Association's common elements and Property jeopardizes the safety and welfare of the unit owners and lawful occupants.

49.     The Association requires fob access to many areas of ingress and egress, has a door person present most hours of the day, and has adopted a guest policy and procedure to help promote

8

safety and security in the Building. *See* **Exhibit A**.

50. Section 12 of the Association's Declaration provides that any violation of any rule or breach of covenant or provision provided in the By-Laws or the Declaration shall give the Association the right to enjoin, abate, or remedy by legal proceedings either at law or in equity the continuance of any breach. *See* Exhibit A to the Complaint.

51. Section 9.2 of the Act states as follows:

> Any attorneys' fees incurred by the Association arising out of a default by any unit owner, his tenant, invitee or guest in the performance of any of the provisions of the condominium instruments, rules and regulations or any applicable statute or ordinance shall be added to, and deemed a part of, his respective share of the common expense.

765 ILCS 605/9.2(b).

52. Vitale and Sexton continue to refuse to comply with the Association's condominium instruments and rules and regulations.

53. Vitale and Sexton continue to refuse to prevent non-authorized occupants from having unfettered access to the common elements.

54. Vitale continues to act in a manner that suggests she enjoys the same rights and privileges as a Unit Owner.

55. The Trust, as the Unit Owner and member of the Association, is responsible for the actions of its tenant and her guest.

56. In the alternative, if Sexton is not a guest of Vitale, enjoining him from having any unfettered access to the common elements and/or from using any fob assigned to Unit 404 and/or Vitale will protect the Trust, as well as the Unit Owners and Occupants.

57. Similarly, enjoining Vitale and Sexton from action that prevents further violations of the condominium instruments which jeopardize the safety and welfare of those within the Association, protects the Trust as well as the Association as it reduces the Trust's liability when

9

the Association prevails.

58.    Vitale and Sexton's conduct continues to jeopardize the safety of the unit owners and the Association's staff and agents.

59.    Vitale and Sexton's conduct continues to cause immediate and irreparable harm to the Association and to the other Owners and Occupants of the Association for the reasons stated above.

60.    The Association has no adequate remedy at law as no amount of monetary damages will restore safety and prevent harassment.

61.    The Association is likely to prevail on the merits of this action, based on the evidence it has to support the allegations stated herein.

WHEREFORE, THE FORDHAM CONDOMINIUM ASSOCIATION prays for the following relief:

A.    Entry of a preliminary injunction that enjoins CHICAGO TITLE LAND TRUST COMPANY, as the successor trustee of a Trust Number 5218; UNKNOWN BENEFICIARIES OF TRUST NUMBER 5218; and LISA CHANG VITALE from allowing a non-resident person to have unfettered access to the common elements without the resident present;

B.    Entry of a preliminary injunction that requires LISA CHANG VITALE to comply with the Association's rules and regulations regarding the responsibility to have a guest check in;

C.    Entry of a preliminary injunction that enjoins LISA CHANG VITALE from contacting the managing agent for any questions, concerns or issues related to Unit 404, except if related to an emergency maintenance issue;

D.    Entry of a preliminary injunction that requires LISA CHANG VITALE to address all questions, concerns, or issues related to Unit 404 to her landlord;

E.    Entry of a preliminary injunction that enjoins LISA CHANG VITALE and BRIAN SEXTON from exercising any rights within the Association reserved only for Unit Owners;

10

FILED DATE: 6/26/2024 10:41 AM 2024CH05690

F.      Entry of a preliminary injunction that enjoins BRIAN SEXTON from the Association's property unless he is accompanied by a Unit Owner or resident at all times when in the common elements;

G.      Entry of a preliminary injunction that enjoins BRIAN SEXTON from trespassing on private property;

H.      Entry of a court order that sets this matter for a hearing on entry of a permanent injunction; and

I.      Entry of a court order for any further relief this Court deems just and proper.

Respectfully submitted,
THE FORDHAM CONDOMINIUM
ASSOCIATION,

By:_____

One of its attorneys

Gabriella R. Comstock
*Keough & Moody, P.C.*
Attorney Number 44996
114 E. Van Buren Avenue
Naperville, IL 60540
(630)369-2700
grc@kmlegal.com

11

FILED DATE: 6/26/2024 10:41 AM   2024CH05690

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT-CHANCERY DIVISION**

| | |
|---|---|
| THE FORDHAM CONDOMINIUM ASSOCIATION, an Illinois Not-For-Profit Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CHICAGO TITLE LAND TRUST COMPANY, as the successor trustee of Trust Number 5218; UNKNOWN BENEFICIARIES OF TRUST NUMBER 5218; LISA CHANG VITALE; and BRIAN SEXTON. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case Number 2024 CH 05690 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**AFFIDAVIT OF JHOANNA ADORNO**

I, JHOANNA ADORNO, state that if called to testify in this matter, I could testify competently and with personal knowledge as follows:

1.      I am over the age of 18 years and of sound mind.

2.      I am a Community Association Manager who is employed by FirstService Residential, who has an exclusive management agreement with The Fordham Condominium Association ("Association").

3.      I am the on-site Community Association Manager assigned to the Association and I have been so since June 1, 2019.

4.      My work as the Community Association Manager for the Association is conducted primarily at the Association's on-site management office.  In addition to myself, other members of the management staff work in this office.

5.      In my capacity as Community Association Manager, I am familiar with the books and records of the Association, and I maintain those books and records in the normal course of my business and employment. These

**EXHIBIT A**

documents are primarily maintained at the Association's on-site management office. I have full access to the Association's books and records.

6.      As part of my duties as the Community Association Manager, I am familiar with the policies and procedures established by the Association, through its Board of Directors. Part of my responsibilities include not only being familiar with these policies and procedures but assisting the Board of Directors in complying with them.

7.      As part of my duties and responsibilities as the Community Association Manager, I am the primary contact for the Owners within the Association and the vendors hired by the Association, including its legal counsel.

8.      As part of my duties and responsibilities as the Community Association Manager, I receive the complaints filed by Unit Owners against other Unit Owners. When I receive a complaint at or near the time the complaint is received, I retain a copy of the complaint within the Association's files.

9.      It is part of the Association's policies and procedures to keep written communications, including emails, between management and Unit Owners within the Association's books and records. At or near the time the documents are generated and/or received, I maintain copies of these communications within the Association's files.

10.     It is part of the Association's policies and procedures to take pictures of certain violations that occur on the Common Elements. When these pictures are taken at or near the time they are taken, I retain copies of the pictures within the Association's books and records.

11.     When mail is received from the Association's legal counsel, I receive it, and at or near the time the documents are received, I retain a copy of the document within the Association's files.

12.     The documents attached to the Complaint as Exhibits A through S, inclusive, were maintained in the normal course of business of the Association at the place where such documents are normally kept.

13.     The documents attached to the Complaint as Exhibits A through S, inclusive, are true and correct copies of the documents that are kept in the Association's files.

2

14.     Within the Association's books and records is a list of all Owners for each unit within the Association. I have access to this list and regularly update it, as part of my duties, when ownership of a Unit changes.

15.     Within the Association's books and records is a list of Occupants for each unit within the Association and copies of the documents that authorize the persons to occupy the unit.

16.     Within the Association's books and records is a list of authorized persons or voting members for each Unit within the Association.

17.     According to the Association's records, the authorized person or voting member for the Property commonly known as 25 East Superior Street, Unit 404, Chicago, Illinois, is Ronen Glimer and the authorized occupants of Unit 404 are Lisa Vitale and Arabella Vitale.

18.     The Association has files for each Unit, and as the Community Association Manager, I have full access to these files. As we receive communications from the Owners, I file the communication, at or near the time of receipt by the Owner or his agents, within the Owner's respective file within the Association's books and records.

19.     The Association has cameras throughout the Property which record the activities within the applicable areas of the Property.

20.     These cameras are one way the Association has tried to provide security for its owners and occupants.

21.     As the Community Association Manager, I have access to the video footage from the Association's cameras throughout the Property.

22.     Many of the doors throughout the common elements of the Association's Building are accessible through a key fob system.

23.     This key fob system is one way the Association has tried to provide security for its owners and occupants.

24.     Key fobs are assigned to owners and occupants within the Association.

3

25.     It is part of the Association's policies and procedures to keep a log of the specific key fobs assigned to owners and occupants, and this log is kept within the Association's books and records.  As the Community Association Manager, I have access to this log.

26.     As part of the key fob system within the Association, a report can be generated that identifies what fob was used to access a specific area within the Association, on what date and time, and it can identify to whom the fob is assigned per the Association's books and records.

27.     As the Community Association Manager, I can generate this report referred to in paragraph 26. When I generate these reports, I keep a copy within the Association's books and records.

28.     The main entrance to the Association's Building is staffed by a door person who is present almost all day.

29.     Having door staff is one way the Association has tried to provide security for its owners and occupants.

30.     The Association has adopted policies and procedures regarding access by guests of non-owners or non-occupants, in addition to those related to access into and within the Building by authorized persons.  These policies and procedures are also included in the Association's rules and regulations and are a means to help promote safety and security in the Building.  These policies and procedures have been provided to the door staff.

31.     Brian Sexton is not identified within the Association's books and records as being an occupant of any unit within the Association.

32.     I am familiar with the allegations in this lawsuit.

33.     According to the Association's books and records, since the lawsuit was filed, Brian Sexton was storing items in a storage locker on the Association's Property, which was assigned to Unit 4801.  Attached hereto as **Group Exhibit 1** are true and accurate copies of the photos.

4

34.     According to the Association's books and records, video footage supports that while alone, at approximately 4:30 p.m. on June 19, 2024, Sexton gained entry into the Fitness Center. This video footage shows him working out in the Fitness Center.

35.     According to the Association's books and records, the fob usage report for June 19, 2024, does not indicate that Vitale accessed the Fitness Center at approximately 4:30 p.m.

36.     According to the Association's books and records, a Unit Owner advised me on June 23, 2024, Sexton was using the Fitness Center and Vitale was not with him.

37.     According to the Association's books and records, video footage shows Sexton alone on June 23, 2024, at approximately 2:34 p.m. accessing the 11th Floor Pool Door.

38.     The fob usage report for June 23, 2024, shows that the fob assigned to Unit 404 was used to access the 11th Floor Pool Door at approximately 2:34 p.m. Attached hereto as **Exhibit 2** is a true and accurate copy of the June 23, 2024, usage report.

39.     As the Community Association Manager, I have the ability to deactivate fobs.

40.     According to the Association's policies and procedures and rules and regulations, tenants are not allowed to transfer fobs to an unauthorized occupant. This is a violation of the Association's Declaration and rules and regulations.

41.     Sexton continues to have unfettered access to the Common Elements, even though he is not an authorized occupant or Unit Owner with the right of possession of a unit.

42.     I have spoken to Glimer about Vitale's actions and specifically her continuing to transfer fobs assigned to Unit 404 to unauthorized occupants.

5

43.     Glimer has advised me via email, that was addressed to me, that he has told Vitale this is not allowed.

AFFIANT FURTHER SAYETH NAUGHT

_JHOANNA ADORNO_
JHOANNA ADORNO

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be upon information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

_JHOANNA ADORNO_
JHOANNA ADORNO

Dated: 6.26.2024

Gabriella R. Comstock
Keough & Moody, P.C.
Attorney Number 44996
114 E. Van Buren Avenue
Naperville, IL 60540
(630) 369-2700
grc@kmlegal.com

6



FILED DATE: 6/26/2024 10:41 AM   2024CH05690

**EXHIBIT 1**

FILED DATE: 6/26/2024 10:41 AM   2024CH05690

**HISTORY REPORT**

| Location Group | Fordham Condominium | | 6/24/2024 |
|---|---|---|---|
| Name of Report | Daily Report | | 12:23:41PM |

Start Date 6/23/2024        Stop Date 6/23/2024
Start Time 0                      Stop Time 2400

| # | TIME | Loc | EVENT | Dev.# | DEVICE | NAME | Code |
|---|---|---|---|---|---|---|---|
| 947 | 1:58:23PM | 2 | Access Granted | 0.1 | 1 CAB READER | Dillon*, Timothy 3* (3903): FORDHAM | 2759 |
| 948 | 1:58:24PM | 2 | Access Granted | 25.1 | 4 CAB READER | Mulderink, Janet (606): FORDHAM CON | 42055 |
| 949 | 1:58:54PM | 1 | Access Granted | 3.1 | west lobby reader 1st floor | Decorrevont* (805*), Caroline*: FORDH/ | 61747 |
| 950 | 1:59:24PM | 2 | Access Granted | 24.9 | 3 CAB READER | Vitale (404), Lisa**: RESIDENTS | 62575 |
| 951 | 2:01:04PM | 1 | Access Granted | 3.3 | west lobby reader 1st floor | Doorman, Front Desk: Maintenance | 60131 |
| 952 | 2:01:26PM | 1 | Access Granted | 0.3 | elevator lobby reader | Doorman, Front Desk: Maintenance | 60131 |
| 953 | 2:01:50PM | 2 | Access Granted | 0.1 | 1 CAB READER | Decorrevont* (805*), Caroline*: FORDH/ | 61747 |
| 954 | 2:06:14PM | 2 | Access Granted | 0.6 | 1 CAB READER | Pamer *4203, Eric: Penthouse | 61765 |
| 955 | 2:06:39PM | 2 | Access Granted | 24.1 | 3 CAB READER | Wojcik* (2302), (Christina Downey) Dic | 64535 |
| 956 | 2:07:08PM | 1 | Access Granted | 27.6 | 11th Floor Fitness Room Door | Pamer *4203, Eric: Penthouse | 61765 |
| 957 | 2:08:28PM | 1 | Access Granted | 23.1 | 8th floor private garage | Ignas*, Christine* (2205): FORDHAM C( | 881 |
| 958 | 2:08:32PM | 1 | Access Granted | 7.1 | wabash exit door | Whiteford*, Barbara* (1702): FORDHA | 64567 |
| 959 | 2:08:37PM | 1 | Access Granted | 28.1 | BIKE ROOM WEST | Ignas*, Christine* (2205): FORDHAM C( | 881 |
| 960 | 2:08:51PM | 1 | Access Granted | 30.1 | WABASH DOOR | Whiteford*, Barbara* (1702): FORDHA | 64567 |
| 961 | 2:09:14PM | 2 | Access Granted | 24.1 | 3 CAB READER | Ignas*, Christine* (2205): FORDHAM C( | 881 |
| 962 | 2:09:26PM | 1 | Access Granted | 22.1 | 7th floor private garage | Gordon, Thomas (2905): FORDHAM CO | 45315 |
| 963 | 2:09:33PM | 1 | Access Granted | 1.1 | freight elevator call reader | Whiteford*, Barbara* (1702): FORDHA | 64567 |
| 964 | 2:09:43PM | 1 | Access Granted | 17.1 | 7th floor garage entrance | Gordon, Thomas (2905): FORDHAM CO | 45315 |
| 965 | 2:09:46PM | 3 | Access Granted | 0.1 | FREIGHT CAR READER | Whiteford*, Barbara* (1702): FORDHA | 64567 |
| 966 | 2:09:48PM | 1 | Access Granted | 8.1 | handicap 2 | Gillis 2402, Susan: FORDHAM CONDOI | 60154 |
| 967 | 2:10:21PM | 2 | Access Granted | 0.1 | 1 CAB READER | Gillis 2402, Susan: FORDHAM CONDOI | 60154 |
| 968 | 2:10:21PM | 2 | Access Granted | 25.1 | 4 CAB READER | Gordon, Thomas (2905): FORDHAM CO | 45315 |
| 969 | 2:11:53PM | 1 | Access Granted | 3.3 | west lobby reader 1st floor | Doorman, Front Desk: Maintenance | 60131 |
| 970 | 2:12:11PM | 1 | Access Granted | 0.3 | elevator lobby reader | Doorman, Front Desk: Maintenance | 60131 |
| 971 | 2:12:35PM | 2 | Access Granted | 24.1 | 3 CAB READER | Adelman*, Pamela 2* (4002): FORDHA | 42072 |
| 972 | 2:12:44PM | 2 | Access Granted | 24.1 | 3 CAB READER | Adelman*, Pamela 2* (4002): FORDHA | 42072 |
| 973 | 2:15:21PM | 2 | Access Granted | 1.1 | 2 CAB READER | Weiss*, Lynne* (1602): FORDHAM CON | 42048 |
| 974 | 2:15:26PM | 2 | Access Granted | 1.1 | 2 CAB READER | Weiss*, Lynne* (1602): FORDHAM CON | 42048 |
| 975 | 2:16:20PM | 2 | Access Granted | 25.1 | 4 CAB READER | Pong*, Clair 1* (2704): FORDHAM CON | 45307 |
| 976 | 2:16:20PM | 1 | Access Granted | 11.1 | Parking Elevator 6 | Weiss*, Lynne* (1602): FORDHAM CON | 42048 |
| 977 | 2:16:52PM | 1 | Access Granted | 29.1 | BIKE ROOM EAST | Pong*, Clair 1* (2704): FORDHAM CON | 45307 |
| 978 | 2:17:40PM | 1 | Access Granted | 6.3 | 1st floor s. w. dock door | Doorman, Brian Watson: Maintenance | 61766 |
| 979 | 2:18:40PM | 2 | Access Granted | 0.1 | 1 CAB READER | Levin (2506)*, Tom: FORDHAM COND( | 61795 |
| 980 | 2:19:17PM | 1 | Access Granted | 29.1 | BIKE ROOM EAST | Levin (2506)*, Tom: FORDHAM COND( | 61795 |
| 981 | 2:20:06PM | 1 | Access Granted | 1.1 | freight elevator call reader | Turesin, Engin (11F): FORDHAM COND | 64353 |
| 982 | 2:20:10PM | 1 | Access Granted | 3.3 | west lobby reader 1st floor | Doorman, Front Desk: Maintenance | 60131 |
| 983 | 2:20:13PM | 3 | Access Granted | 0.1 | FREIGHT CAR READER | Turesin, Engin (11F): FORDHAM COND | 64353 |
| 984 | 2:20:43PM | 1 | Access Granted | 13.1 | Parking Garage Lobby | Cole, Ethan (1403): FORDHAM CONDO | 61731 |
| 985 | 2:20:47PM | 1 | Access Granted | 10.1 | Parking Elevator 7 | Cole, Ethan (1403): FORDHAM CONDO | 61731 |
| 986 | 2:25:13PM | 1 | Access Granted | 3.1 | west lobby reader 1st floor | Wolf*, Brenda 1* (2601-04): FORDHA | 45356 |
| 987 | 2:26:07PM | 1 | Access Granted | 1.1 | freight elevator call reader | Wolf*, Brenda 1* (2601-04): FORDHA | 45356 |
| 988 | 2:26:16PM | 3 | Access Granted | 0.1 | FREIGHT CAR READER | Wolf*, Brenda 1* (2601-04): FORDHA | 45356 |
| 989 | 2:27:11PM | 2 | Access Granted | 0.1 | 1 CAB READER | Zelitzky 202, Gail: FORDHAM CONDOI | 1478 |
| 990 | 2:28:03PM | 2 | Access Granted | 25.1 | 4 CAB READER | Lannon-Barr*, Catherine* (1202): FORDI | 52212 |
| 991 | 2:31:31PM | 1 | Access Granted | 7.1 | wabash exit door | Marx*, Brandon, Luca, Jesse* (3802): | 42076 |
| 992 | 2:31:48PM | 1 | Access Granted | 30.1 | WABASH DOOR | Marx*, Brandon, Luca, Jesse* (3802): | 42076 |
| 993 | 2:32:26PM | 1 | Access Granted | 1.1 | freight elevator call reader | Marx*, Brandon, Luca, Jesse* (3802): | 42076 |
| 994 | 2:32:37PM | 3 | Access Granted | 0.1 | FREIGHT CAR READER | Marx*, Brandon, Luca, Jesse* (3802): | 42076 |
| 995 | 2:32:57PM | 3 | Access Granted | 0.9 | FREIGHT CAR READER | Vitale (404), Lisa**: RESIDENTS | 62575 |
| 996 | 2:34:16PM | 2 | Opr set output: OPEN | 17.1 | 3-8TH FLR | Master, @WS - Work Station 1 | 0 |

**EXHIBIT 2**

FILED DATE: 6/26/2024 10:41 AM    2024CH05690

## HISTORY REPORT

| Location Group | Fordham Condominium | | 6/24/2024 |
| Name of Report | Daily Report | | 12:23:41PM |

Start Date 6/23/2024 Stop Date 6/23/2024
Start Time 0 Stop Time 2400

| # | TIME | Loc | EVENT | Dev.# | DEVICE | NAME | Code |
|---|---|---|---|---|---|---|---|
| 997 | 2:34:24PM | 1 | Access Granted | 26.9 | 11th Floor Pool Door | Vitale (404), Lisa**: RESIDENTS | 62575 |
| 998 | 2:36:31PM | 2 | Access Granted | 1.1 | 2 CAB READER | Spatara*, Christine* (406): FORDHAM C | 1445 |
| 999 | 2:37:03PM | 1 | Access Granted | 3.3 | west lobby reader 1st floor | Doorman, Front Desk: Maintenance | 60131 |
| 1,000 | 2:37:03PM | 1 | Access Granted | 1.1 | freight elevator call reader | Kasprowicz (2002), Donna: FORDHAM ( | 41439 |
| 1,001 | 2:37:09PM | 1 | Access Granted | 1.1 | freight elevator call reader | Kasprowicz (2002), Donna: FORDHAM ( | 41439 |
| 1,002 | 2:37:21PM | 3 | Access Granted | 0.1 | FREIGHT CAR READER | Kasprowicz (2002), Donna: FORDHAM ( | 41439 |
| 1,003 | 2:37:36PM | 2 | Access Granted | 38.6 | Floor 43 | Frank 4302, Marvin: Penthouse | 60165 |
| 1,004 | 2:38:27PM | 2 | Access Granted | 25.6 | 4 CAB READER | Frank 4302, Marvin: Penthouse | 60165 |
| 1,005 | 2:38:37PM | 2 | Access Granted | 24.1 | 3 CAB READER | Lannon-Barr*, Catherine* (1202): FORDI | 52212 |
| 1,006 | 2:38:40PM | 2 | Access Granted | 1.6 | 2 CAB READER | Pamer *4203, Eric: Penthouse | 61765 |
| 1,007 | 2:39:04PM | 1 | Access Granted | 7.3 | wabash exit door | hernandes, carlos: Maintenance | 60111 |
| 1,008 | 2:39:14PM | 1 | Access Granted | 3.1 | west lobby reader 1st floor | Spatara*, Christine* (406): FORDHAM C | 1445 |
| 1,009 | 2:39:17PM | 1 | Access Granted | 30.3 | WABASH DOOR | hernandes, carlos: Maintenance | 60111 |
| 1,010 | 2:39:27PM | 1 | Access Granted | 13.1 | Parking Garage Lobby | Spatara*, Christine* (406): FORDHAM C | 1445 |
| 1,011 | 2:39:44PM | 1 | Access Granted | 11.1 | Parking Elevator 6 | Spatara*, Christine* (406): FORDHAM C | 1445 |
| 1,012 | 2:39:47PM | 1 | Access Granted | 11.1 | Parking Elevator 6 | Spatara*, Christine* (406): FORDHAM C | 1445 |
| 1,013 | 2:39:52PM | 1 | Access Granted | 1.3 | freight elevator call reader | hernandes, carlos: Maintenance | 60111 |
| 1,014 | 2:40:00PM | 3 | Access Granted | 0.3 | FREIGHT CAR READER | hernandes, carlos: Maintenance | 60111 |
| 1,015 | 2:40:12PM | 1 | Access Granted | 1.3 | freight elevator call reader | Maintenance*, Arben Nuzi*: Maintenanc | 62554 |
| 1,016 | 2:40:24PM | 2 | Access Granted | 1.6 | 2 CAB READER | Chouest, Ruth (4402): Penthouse | 62577 |
| 1,017 | 2:40:36PM | 3 | Access Granted | 0.3 | FREIGHT CAR READER | Maintenance*, Arben Nuzi*: Maintenanc | 62554 |
| 1,018 | 2:40:42PM | 3 | Access Granted | 0.3 | FREIGHT CAR READER | Maintenance*, Arben Nuzi*: Maintenanc | 62554 |
| 1,019 | 2:41:03PM | 1 | Access Granted | 6.3 | 1st floor s. w. dock door | Maintenance*, Xhafer2*: Maintenance | 27296 |
| 1,020 | 2:41:14PM | 2 | Access Granted | 24.1 | 3 CAB READER | Lannon-Barr*, Catherine* (1202): FORDI | 52212 |
| 1,021 | 2:42:05PM | 2 | Access Granted | 24.9 | 3 CAB READER | Vitale (404), Lisa**: RESIDENTS | 62575 |
| 1,022 | 2:42:15PM | 2 | Access Granted | 24.9 | 3 CAB READER | Vitale (404), Lisa**: RESIDENTS | 62575 |
| 1,023 | 2:42:17PM | 1 | Access Granted | 7.1 | wabash exit door | Lehrman 1306, Phillip: FORDHAM CON | 60171 |
| 1,024 | 2:42:26PM | 1 | Access Granted | 30.1 | WABASH DOOR | Lehrman 1306, Phillip: FORDHAM CON | 60171 |
| 1,025 | 2:43:18PM | 1 | Access Granted | 5.6 | basement garge | Frank 4302, Marvin: Penthouse | 60165 |
| 1,026 | 2:43:24PM | 2 | Access Granted | 25.9 | 4 CAB READER | Vitale (404), Lisa**: RESIDENTS | 62575 |
| 1,027 | 2:43:30PM | 1 | Access Granted | 1.3 | freight elevator call reader | Maintenance*, Xhafer2*: Maintenance | 27296 |
| 1,028 | 2:43:31PM | 1 | Access Granted | 12.6 | basement express' | Frank 4302, Marvin: Penthouse | 60165 |
| 1,029 | 2:43:41PM | 3 | Access Granted | 0.3 | FREIGHT CAR READER | Maintenance*, Xhafer2*: Maintenance | 27296 |
| 1,030 | 2:43:57PM | 2 | Access Granted | 25.6 | 4 CAB READER | Frank 4302, Marvin: Penthouse | 60165 |
| 1,031 | 2:44:38PM | 2 | Access Granted | 25.3 | 4 CAB READER | Maintenance*, Arben Nuzi*: Maintenanc | 62554 |
| 1,032 | 2:45:56PM | 2 | Access Granted | 0.1 | 1 CAB READER | Glynn, Michael1605: FORDHAM COND | 62568 |
| 1,033 | 2:45:58PM | 2 | Access Granted | 25.1 | 4 CAB READER | Lannon-Barr*, Catherine* (1202): FORDI | 52212 |
| 1,034 | 2:46:26PM | 2 | Access Granted | 38.6 | Floor 43 | Frank 4302, Marvin: Penthouse | 60165 |
| 1,035 | 2:46:33PM | 1 | Access Granted | 3.1 | west lobby reader 1st floor | Lehrman 1306, Phillip: FORDHAM CON | 60171 |
| 1,036 | 2:46:41PM | 2 | Access Granted | 1.1 | 2 CAB READER | Kline*, Kevin*: FORDHAM CONDOMIN | 64565 |
| 1,037 | 2:47:02PM | 2 | Access Granted | 0.6 | 1 CAB READER | Frank 4302, Marvin: Penthouse | 60165 |
| 1,038 | 2:47:05PM | 1 | Access Granted | 1.3 | freight elevator call reader | Maintenance, Darren: Maintenance | 60116 |
| 1,039 | 2:47:06PM | 2 | Access Granted | 1.1 | 2 CAB READER | Kline*, Kevin*: FORDHAM CONDOMIN | 64565 |
| 1,040 | 2:47:11PM | 2 | Access Granted | 24.3 | 3 CAB READER | Maintenance*, Arben Nuzi*: Maintenanc | 62554 |
| 1,041 | 2:47:12PM | 3 | Access Granted | 0.3 | FREIGHT CAR READER | Maintenance, Darren: Maintenance | 60116 |
| 1,042 | 2:47:59PM | 2 | Access Granted | 1.9 | 2 CAB READER | Vitale (404), Lisa**: RESIDENTS | 62575 |
| 1,043 | 2:48:09PM | 1 | Access Granted | 23.1 | 8th floor private garage | Cerese*, Nancy*: FORDHAM CONDOM | 64513 |
| 1,044 | 2:48:18PM | 2 | Access Granted | 0.1 | 1 CAB READER | Kline*, Kevin*: FORDHAM CONDOMIN | 64565 |
| 1,045 | 2:48:20PM | 2 | Access Granted | 24.6 | 3 CAB READER | Flaum*, Thea3* (4901): Penthouse | 847 |
| 1,046 | 2:48:20PM | 1 | Access Granted | 28.1 | BIKE ROOM WEST | Cerese*, Nancy*: FORDHAM CONDOM | 64513 |

*(handwritten annotation near row 997: "B. Sexton w/ video"; "Vitale (404), Lisa**: RESIDENTS" circled)*

## HISTORY REPORT

| | | | | | | |
|---|---|---|---|---|---|---|
| Location Group | **Fordham Condominium** | | | | | **6/24/2024** |
| Name of Report | **Daily Report** | | | | | **12:23:41PM** |

Start Date  6/23/2024          Stop Date  6/23/2024
Start Time  0                          Stop Time  2400

| # | TIME | Loc | EVENT | Dev.# | DEVICE | NAME | Code |
|---|---|---|---|---|---|---|---|
| 1,197 | 4:03:47PM | 2 | Access Granted | 24 . 1 | 3 CAB READER | Fischer, *Gale (3605): FORDHAM CONI | 52223 |
| 1,198 | 4:03:56PM | 2 | Access Granted | 24 . 1 | 3 CAB READER | Fischer, *Gale (3605): FORDHAM CONI | 52223 |
| 1,199 | 4:04:20PM | 1 | Access Granted | 5 . 6 | basement garge | Wolf*, Jennifer 3* (4103): Penthouse | 52210 |
| 1,200 | 4:04:33PM | 1 | Access Granted | 12 . 6 | basement express | Wolf*, Jennifer 3* (4103): Penthouse | 52210 |
| 1,201 | 4:04:51PM | 2 | Access Granted | 25 . 6 | 4 CAB READER | Wolf*, Jennifer 3* (4103): Penthouse | 52210 |
| 1,202 | 4:06:12PM | 1 | Access Granted | 0 . 1 | elevator lobby reader | Coveny, Susan (501): FORDHAM COND | 52221 |
| 1,203 | 4:06:56PM | 2 | Access Granted | 0 . 1 | 1 CAB READER | Coveny, Susan (501): FORDHAM COND | 52221 |
| 1,204 | 4:08:08PM | 1 | Access Granted | 25 . 1 | 10th floor private garage | Vorobiev, Jill* (1206): FORDHAM CONI | 2779 |
| 1,205 | 4:08:22PM | 1 | Access Granted | 10 . 1 | Parking Elevator 7 | Vorobiev, Jill* (1206): FORDHAM CONI | 2779 |
| 1,206 | 4:08:41PM | 1 | Access Granted | 28 . 1 | BIKE ROOM WEST | Vorobiev, Jill* (1206): FORDHAM CONI | 2779 |
| 1,207 | 4:09:23PM | 2 | Access Granted | 0 . 1 | 1 CAB READER | Vorobiev, Jill* (1206): FORDHAM CONI | 2779 |
| 1,208 | 4:10:01PM | 2 | Access Granted | 0 . 1 | 1 CAB READER | Kasprowicz (2002), Gary: FORDHAM C | 85 |
| 1,209 | 4:10:05PM | 3 | Access Granted | 0 . 3 | FREIGHT CAR READER | Maintenance*, AJ*: Maintenance | 839 |
| 1,210 | 4:11:08PM | 1 | Access Granted | 7 . 1 | wabash exit door | Rosenstein*, Richard* (3405): FORDHA | 53 |
| 1,211 | 4:11:11PM | 3 | Access Granted | 0 . 3 | FREIGHT CAR READER | Maintenance, Darren: Maintenance | 60116 |
| 1,212 | 4:11:19PM | 1 | Access Granted | 30 . 1 | WABASH DOOR | Rosenstein*, Richard* (3405): FORDHA | 53 |
| 1,213 | 4:11:50PM | 2 | Access Granted | 25 . 3 | 4 CAB READER | Maintenance, Darren: Maintenance | 60116 |
| 1,214 | 4:12:06PM | 3 | Access Granted | 0 . 9 | FREIGHT CAR READER | Vitale (404), Lisa**: RESIDENTS | 62575 |
| 1,215 | 4:12:15PM | 1 | Access Granted | 32 . 3 | HOSPITALITY | Maintenance, Darren: Maintenance | 60116 |
| 1,216 | 4:12:18PM | 1 | Access Granted | 3 . 1 | west lobby reader 1st floor | Rosenstein*, Richard* (3405): FORDHA | 53 |
| 1,217 | 4:13:10PM | 2 | Access Granted | 1 . 3 | 2 CAB READER | Maintenance*, Xhafer2*: Maintenance | 27296 |
| 1,218 | 4:13:37PM | 1 | Access Granted | 7 . 1 | wabash exit door | Wang*, Xiao 1*: FORDHAM CONDOMI | 45389 |
| 1,219 | 4:13:47PM | 1 | Access Granted | 30 . 1 | WABASH DOOR | Wang*, Xiao 1*: FORDHAM CONDOMI | 45389 |
| 1,220 | 4:14:11PM | 1 | Access Granted | 1 . 1 | freight elevator call reader | Wang*, Xiao 1*: FORDHAM CONDOMI | 45389 |
| 1,221 | 4:15:13PM | 1 | Access Granted | 3 . 1 | west lobby reader 1st floor | Wang*, Xiao 1*: FORDHAM CONDOMI | 45389 |
| 1,222 | 4:15:20PM | 2 | Access Granted | 24 . 3 | 3 CAB READER | Maintenance, Darren: Maintenance | 60116 |
| 1,223 | 4:15:37PM | 2 | Access Granted | 0 . 1 | 1 CAB READER | Hermann*, Debra* (904): FORDHAM C | 64372 |
| 1,224 | 4:16:25PM | 2 | Access Granted | 1 . 1 | 2 CAB READER | Rosenstein*, Richard* (3405): FORDHA | 53 |
| 1,225 | 4:16:29PM | 3 | Access Granted | 0 . 3 | FREIGHT CAR READER | Maintenance*, AJ*: Maintenance | 839 |
| 1,226 | 4:17:39PM | 2 | Access Granted | 1 . 1 | 2 CAB READER | Rosenstein*, Richard* (3405): FORDHA | 53 |
| 1,227 | 4:20:13PM | 2 | Access Granted | 1 . 1 | 2 CAB READER | Corcoran*, William* (3002): FORDHA | 60183 |
| 1,228 | 4:20:31PM | 2 | Access Granted | 25 . 1 | 4 CAB READER | Hermann*, Debra* (904): FORDHAM C | 64372 |
| 1,229 | 4:20:42PM | 1 | Access Granted | 3 . 1 | west lobby reader 1st floor | Vorobiev, Jill* (1206): FORDHAM CONI | 2779 |
| 1,230 | 4:20:50PM | 1 | Access Granted | 27 . 1 | 11th Floor Fitness Room Door | Corcoran*, William* (3002): FORDHA | 60183 |
| 1,231 | 4:20:55PM | 1 | Access Granted | 23 . 1 | 8th floor private garage | Teplitzky (3302), Karen: FORDHAM CO | 1464 |
| 1,232 | 4:20:56PM | 2 | Access Granted | 24 . 1 | 3 CAB READER | Bayer, Eugene* (#1005): FORDHAM CO | 60585 |
| 1,233 | 4:21:10PM | 1 | Access Granted | 28 . 1 | BIKE ROOM WEST | Teplitzky (3302), Karen: FORDHAM CO | 1464 |
| 1,234 | 4:21:29PM | 2 | Access Granted | 1 . 1 | 2 CAB READER | Ignas*, Christine* (2205): FORDHAM C( | 881 |
| 1,235 | 4:21:37PM | 1 | Access Granted | 11 . 1 | Parking Elevator 6 | Vorobiev, Jill* (1206): FORDHAM CONI | 2779 |
| 1,236 | 4:21:51PM | 2 | Access Granted | 0 . 1 | 1 CAB READER | Yuen*, Lawrence* (1305): FORDHAM C | 64507 |
| 1,237 | 4:22:11PM | 2 | Access Granted | 1 . 1 | 2 CAB READER | Teplitzky (3302), Karen: FORDHAM CO | 1464 |
| 1,238 | 4:22:21PM | 2 | Access Granted | 24 . 1 | 3 CAB READER | Karpick*, Suzanne 5* (403): FORDHAM | 64376 |
| 1,239 | 4:22:29PM | 2 | Access Granted | 25 . 1 | 4 CAB READER | Rudewick*, Maria*: FORDHAM CONDC | 51885 |
| 1,240 | 4:23:15PM | 2 | Access Granted | 24 . 6 | 3 CAB READER | Flaum*, Thea3* (4901): Penthouse | 847 |
| 1,241 | 4:23:23PM | 1 | Access Granted | 26 . 1 | 11th Floor Pool Door | Rudewick*, Maria*: FORDHAM CONDC | 51885 |
| 1,242 | 4:26:03PM | 1 | Access Granted | 23 . 1 | 8th floor private garage | Foster (2102), Claire: FORDHAM COND | 42087 |
| 1,243 | 4:26:13PM | 2 | Access Granted | 24 . 1 | 3 CAB READER | Dillon*, Timothy 3* (3903): FORDHAM | 2759 |
| 1,244 | 4:26:17PM | 1 | Access Granted | 28 . 1 | BIKE ROOM WEST | Foster (2102), Claire: FORDHAM COND | 42087 |
| 1,245 | 4:27:01PM | 2 | Access Granted | 1 . 1 | 2 CAB READER | Foster (2102), Claire: FORDHAM COND | 42087 |
| 1,246 | 4:27:42PM | 1 | Access Granted | 25 . 1 | 10th floor private garage | Vorobiev, Jill* (1206): FORDHAM CONI | 2779 |