**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | BK No.: 24-14852 |
| Brian Sexton | ) | |
| | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. David D. Cleary |

**THE FORDHAM CONDOMINIUM ASSOCIATION'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO VACATE ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

The Fordham Condominium Association ("Association"), by the undersigned attorneys, requests denial of Debtor's motion to vacate and in support thereof states as follows:

**Background**

Association filed its motion for relief from the automatic stay on October 17, 2024, for the purposes of continuing state-court litigation against the debtor for his alleged violation of Association rules. The motion alleged that the state-court litigation seeks solely equitable relief but not money damages (because Debtor was - and is - not a unit owner).

The motion for relief was granted at presentment on October 28, 2024 (the "Relief Order"). The Court stated that the motion was granted not simply because the Debtor did not appear, but because the motion was well-founded.

**Debtor's Motion to Vacate**

The Debtor argues that the Relief Order should be vacated because a) he did not receive notice of the court date, and b) newly discovered evidence should be considered by the Court.

**Argument**

    **I.**       **Failure to Receive Notice Is Not Sufficient Grounds to Vacate the Relief Order**

Debtor argues that he did not receive notice of the Association's motion.  This is an allegation of "surprise" under Rule 60(b)(1) or is perhaps more aptly characterized as a motion to vacate default. When discussing when to vacate a default, "[o]ther factors necessarily influence the district court's decision [to vacate],'including weighing the case's burden on its docket, the legitimate reliance on the default by the nonmoving party, and the policy considerations favoring termination of stalled litigation against the possibility of injustice based, in part, upon the substantive merit of the nonmovant's claims and the moving party's proffered excuses for the default.'" Swaim v. Moltan Co., 73 F.3d 711, 722 (7th Cir. 1995).

This is important because it identifies that the substantive merit of the Association's claims should be measured against the Debtor's allegation that he did not receive notice of the court date. A different way of saying this is - had the Debtor appeared at the October 28, 2024, motion, would it have made a difference?  The Association's position is that the answer is "no".

The Association's motion for relief identified the state-court litigation and attached copies of the relevant state court pleadings.  The Association further identified the three factors commonly used to decide whether stay relief to pursue litigation in another forum is appropriate, and argued in support thereof.  The Court determined that the Association's motion was well-founded and granted it.

Nothing in the Debtor's motion vitiates against this.  It is insufficient for the Debtor's motion to vacate be granted based solely on an allegation that he did not receive notice of the Association's

1

motion.  If that were the standard, then no order would be safe - a debtor would simply need to allege non-receipt of a notice of motion in order to obtain relief.  The law requires more.

## II.      Newly Discovered Evidence Is Not Relevant to the Relief Order

Debtor alleges - presumably under Rule 60(b)(2) - that "newly discovered testimony by Fordham's counsel in a separate court case suggests the Fordham Condominium Association is not a creditor of debtor Brian Sexton but is a party who is liable for a very large outstanding debt contribution owed to debtors chapter 13 estate".  (MTD, Par. 8).  This allegation is insufficient to warrant vacatur of the Relief Order.

Rule 60(b) relief is an "extraordinary remedy" granted only in "exceptional circumstances. In re Cook Med, 27 F.4th 539, 542 (7th Cir. 2022).  The Debtor has failed to assert any facts or provide evidence to corroborate his claim that the Association owes him money.  Without more, the Debtor has not met his burden to show that he is entitled to relief under Rule 60(b)(2).

Furthermore, the Debtor has not shown how the alleged facts - even if true (which they are not) - would constitute a valid defense to entry of the Relief Order.  The Association's alleged monetary liability to the Debtor is not relevant as to whether the Association should be granted stay relief to pursue state-court litigation against the Debtor for violation of Association rules.  Frankly, if the Association owes the Debtor money it should be stated in the Debtor's schedules, and any money paid to the Debtor from the Association should be provided for in the Debtor's Chapter 13 plan and paid to the trustee to distribute to creditors.  In any event, it has no bearing on the reasoning behind the entry of the Relief Order.

## Conclusion

The Debtor has failed to meet his burden to show that he is entitled to relief under Rule 60(b). As a result, the motion must be denied.

WHEREFORE, The Fordham Condominium Association respectfully requests that this Court

enter an order denying Debtor's motion to vacate the Relief Order, and for any other relief this Court

deems just and equitable.

The Fordham Condominium Association,

BY:   _____/s/ Adham Alaily_____
One of its attorneys

Adham Alaily
Egan & Alaily, LLC
20 S. Clark Street, 2120
Chicago, IL 60603
(312) 253-8640
aalaily@ea-atty.com

3