## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:                              Chapter 13

**Brian Sexton**,                   Bankruptcy No. 24-14852

                     Debtor.        Honorable David D. Cleary

## NOTICE OF MOTION

**To:** See attached list.

**Please take notice** that, on **Monday, January 13, 2025, at 1:30 p.m.**, I will appear before the Honorable David D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, **or** electronically as described below, and present **Aldasheva's Motion to Extend Time to File Objection to Dischargeability of a Debt Under 523**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and passcode.** The meeting ID is 161 122 6457, and the passcode is Cleary644. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

—2—

Dated: December 30, 2024

**Jamila Aldasheva**

By: /s/ Ariane Holtschlag
One of Her Attorneys

Ariane Holtschlag (6294327)
**Paulsen+HoltschlagLLC**
1245 S. Michigan, No. 115
Chicago, IL 60605
Tel:     (773) 645-0737
Email: aholtschlag@ph-firm.com

—2—

## CERTIFICATE OF SERVICE

I, Ariane Holtschlag,

☑ an attorney, certify

—or—

☐ a non-attorney, declare under penalty of perjury under the laws of

the United States of America

that I served a copy of this notice and the attached motion on each entity

shown on the attached list at the address shown and by the method shown on

December 30, 2024.

/s/ Ariane Holtschlag

## SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| Adham Alaily | aalaily@ea-atty.com |
| Adam G. Brief | Ustpregion11.es.ecf@usdoj.gov |
| Cheryl A Considine | bankruptcy@hsbattys.com, bk-4hsbm@gmail.com,hbm@ecf.courtdrive.com |
| Marilyn O Marshall | courtdocs@chi13.com |
| Jeffrey K. Paulsen | jpaulsen@ph-firm.com, jpaulsen_418@ecf.courtdrive.com |

**Non-Registrants**
(Service via First Class U.S. Mail)

Brian Sexton
540 N. Dearborn St.
10023
Chicago, IL 60610

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **Brian Sexton**, | Bankruptcy No. 24-14852 |
| Debtor. | Honorable David D. Cleary |

## ALDASHEVA'S MOTION TO EXTEND TIME TO FILE OBJECTION TO DISCHARGEABILITY OF A DEBT UNDER 523

Jamila Aldasheva ("*Aldasheva*"), by and through her undersigned counsel, respectfully requests an order from this Court extending the deadline for filing an objection to Dischargeability of a debt under § 523 through and including March 11, 2025. In support of this motion Aldasheva states as follows:

### 1. BACKGROUND.

Aldasheva and Sexton were married on July 29, 2011. Aldasheva petitioned for divorce from the Debtor in April 2019, commencing case 19-D-2943 in the Circuit Court of Cook County. The proceedings have been contentious.

Among other things, the parties disputed which of them should control the martial residence. On January 25, 2023, after a series of rulings in Aldasheva's favor and just two hours before Aldasheva was to present an emergency motion to remove Sexton from possession of the property, Sexton

filed his first chapter 13 bankruptcy case. That case was pending before Judge Cox as case no. 23-bk-00974.

On January 27, 2023, Aldasheva filed an emergency motion asking for stay relief so that she could take all steps necessary to enforce the divorce court's orders regarding the property. That motion was granted on January 30, 2023. Three months later, on April 10, 2023, the Court dismissed the bankruptcy case on the Trustee's motion, ruling that Sexton exceeded the debt limit and was therefore ineligible for relief under chapter 13 of the Bankruptcy Code.

After stay relief was granted and the bankruptcy case was dismissed, the divorce case continued. Among other things, on September 6, 2024, the court set a continued trial on Aldasheva's petition for dissolution of marriage on October 3, 7, and 10, 2024, beginning at 2pm each day. At issue in the trial is whether a judgment of dissolution should be entered, and how the marital property should be distributed. Trial proceeded on October 3, with Aldasheva testifying as the last witness in Sexton's case-in-chief. Sexton's lawyer represented that he had only approximately thirty minutes left of re-direct before they would be resting and the proofs would close in the divorce trial, thereby representing the end of all evidence in the divorce trial on the next trial date of October 7, 2024, at 2:00 p.m.

—2—

At 9:42 a.m. on October 7, 2024, just hours before the next (and likely final) day of trial, Sexton filed, pro se, another chapter 13 bankruptcy petition commencing the above captioned case.

Upon commencement of the above captioned case, Sexton did not file the required schedules or Chapter 13 plan.

Aldasheva filed an emergency motion for stay relief and on October 10, 2024 this Court issued a Memorandum Order granting the motion. *See* Dkt. 20. On December 16, 2024, Aldasheva filed her proof of claim. *See* Claim 8-1.

On November 18, 2024, the Chapter 13 Trustee filed a motion seeking to dismiss the case based on Sexton's failure to file the required schedules and Chapter 13 plan. See Dkt. 31. Thereafter, on November 23, 2024, Sexton filed Schedules A, B, C, and D. All other schedules and the Chapter 13 plan have yet to be filed. The Trustee's motion was continued to December 16, 2024, and then to January 13, 2025. The confirmation hearing (for the yet-to-be-filed Chapter 13 plan) has likewise been continued to January 13, 2025. Instead of focusing on complying with these most basic duties as a debtor, the Debtor has instead spent his time filing several motions to vacate the orders of this Court. Accordingly, Aldasheva does not yet have all of the documents and information necessary in order to make a determination regarding whether and objection is necessary or appropriate in this case.

—3—

So that Aldasheva may continue her investigation, Aldasheva requests that the deadline be extended through and including March 11, 2025.

## 2. DISCUSSION.

For cause shown, a court may extend the deadline to object to a debtor's discharge in general or to dischargeability of specific debts. Fed. R. Bankr. P. 4004(b)(1), 4007(c). As described above, cause exists to extend the current deadline to March 11, 2025.

**Wherefore**, Aldasheva requests that this Court extend the deadline for file objections under § 523 to and including March 11, 2025, and grant any further relief that is appropriate.

Dated: December 30, 2024

Respectfully submitted,

**Jamila Aldasheva**

By: /s/ Ariane Holtschlag
One of Her Attorneys

Ariane Holtschlag (6294327)
**Paulsen+HoltschlagLLC**
1245 S. Michigan, No. 115
Chicago, IL 60605
Tel:    (773) 645-0737
Email: aholtschlag@ph-firm.com

—4—