**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 24 B 14852 |
| | ) | |
| BRIAN SEXTON, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge David D. Cleary |

## MEMORANDUM ORDER

This matter comes before the court on the motion of Marilyn O. Marshall, Standing

Trustee ("Trustee") to dismiss the bankruptcy case filed by Brian Sexton ("Debtor") for failure to

file required documents under § 521(a)(1) ("Motion to Dismiss"). Having reviewed the Motion

to Dismiss and heard the arguments of the parties, the court will grant the Motion to Dismiss.

### I.      JURISDICTION

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district

court's Internal Operating Procedure 15(a). This is a core proceeding under 28 U.S.C. §

157(b)(2)(A). Venue is proper under 28 U.S.C. § 1409(a).

### II.      BACKGROUND

Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on October 7,

2024. On the same date, Debtor filed several other documents, including a request for a 30-day

temporary waiver of the requirement to file a certificate of credit counseling, and an application

to pay his filing fee in installments. He did not file any schedules or a proposed chapter 13 plan.

About six weeks later, the Trustee filed the Motion to Dismiss, noticing it for hearing on

Monday, November 25, 2024. Case No. 24 B 14852, EOD 31.[1]  In the Motion to Dismiss, the

---

[1] All future references to docket numbers are for papers filed in Case No. 24 B 14852.

Trustee alleged that Debtor failed to file Schedules A/B, C, D, E/F, G, H, I/J and a chapter 13 plan.

On the Friday before the hearing on the Motion to Dismiss, Debtor filed a "Notice of Objection to Dismiss Case for Failure to File Requested Documents under 521(a)(1) and Request 10 Days to Cure to File Required Documents by December 5th 2024."  EOD 32.  He alleged that due to certain medical conditions, he required additional time.  He requested an extension until December 5, 2024 "to submit all the required paperwork (Schedules A-J and Chapter 13 Plan)."

On November 23, 2024, Debtor filed Schedules A/B, C and D.   EOD 33.

The court heard the Trustee's Motion to Dismiss on November 25, 2024.  At that hearing, the court granted Debtor's request for additional time, allowing him until December 9, 2024, to file the required documents, but cautioned Debtor that other documents must be on file.  The court continued the hearing on the Motion to Dismiss to December 16, 2024.

Debtor did not file any of the missing schedules between November 25 and December 16, 2024.  At the hearing on December 16, the court reminded Debtor that he was required to file missing documents.  The court continued the Motion to Dismiss again to January 13, 2025, this time on a final basis for the Debtor to provide the Trustee with the documents needed in order for her to be able to conduct the meeting of creditors under 11 U.S.C. § 341.

Between November 27 and December 31, 2024, Debtor filed several documents:

■ Motion to vacate an order granting a motion for relief from stay.  EOD 36.

■ Motion to clarify memorandum order and/or motion to vacate with a memorandum of points and authorities and motion for a 30-day extension to file schedules after issuance of order ("Motion to Clarify and Extend Time").  EOD 40.  The court denied the Motion to Clarify and Extend Time on December 16, 2024.  EOD 44.

2

- Certificate of debtor education.  EOD 45.

- Motion to clarify memorandum order and/or motion to vacate with a memorandum of points and authorities ("Second Motion to Clarify").  EOD 46.

- Motion to redact filing.  EOD 47.

- Reply to the Fordham Condominium Association's response in opposition to Debtor's motion to vacate.  EOD 52.

On January 13, 2025, the court heard the Motion to Dismiss for the third time.  The Trustee noted that the bankruptcy case had been pending for 98 days and Debtor still had not filed the missing schedules or a chapter 13 plan.  Debtor presented his arguments in opposition and requested an additional 7 days to file the required documents.  The court took the Motion to Dismiss under advisement.

### III.    LEGAL DISCUSSION

According to the Motion to Dismiss, Debtor failed to file certain of the documents required by 11 U.S.C. § 521(a)(1).  Section 521 is titled "Debtor's duties" and subsection (a)(1) requires a debtor to file, among other documents, "a schedule of assets and liabilities" and "a schedule of current income and current expenditures[.]"

If a chapter 13 debtor fails to comply with these requirements, § 521(i) sets forth the consequences:

(1)    Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

(2)    Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 7 days after such request.

(3)      Subject to paragraph (4) and upon request of the debtor made within 45
days after the date of the filing of the petition described in paragraph (1), the court
may allow the debtor an additional period of not to exceed 45 days to file the
information required under subsection (a)(1) if the court finds justification for
extending the period for the filing.

(4)      Notwithstanding any other provision of this subsection, on the motion of
the trustee filed before the expiration of the applicable period of time specified in
paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to
dismiss the case if the court finds that the debtor attempted in good faith to file all
the information required by subsection (a)(1)(B)(iv) [copies of payment advices]
and that the best interests of creditors would be served by administration of the
case.

Since Debtor filed his petition for relief under chapter 13 on October 7, the 45th day after

filing was November 21, 2024.  At the hearing on Trustee's Motion to Dismiss on November 25,

the court allowed Debtor until December 9, 2024, to file the missing documents.  Debtor did not

file any of them.  The court did not grant the Motion to Dismiss at the next hearing on December

16, 2024, but it did deny Debtor's request for a further 30-day extension.  The court then

continued the Motion to Dismiss to January 13, 2025.

Even under the most generous interpretation of the court's December 16 decision to

continue the Motion to Dismiss – construing it as an implied extension of time to file the

required documents, *see Miller v. Marshall*, 457 B.R. 684 (N.D. Ill. 2011) – Debtor still had not

filed any of the missing schedules by the date of the continued hearing on January 13, 2025.  He

filed *six* other documents between November 27 and December 31, 2024, but he did not file

Schedules E/F, G, H, or I/J.

The language of 11 U.S.C. § 521(i) is unambiguous.  "[I]n interpreting a statute a court

should always turn first to one, cardinal canon before all others.  We have stated time and again

that courts must presume that a legislature says in a statute what it means and means in a statute

what it says there."  *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992).  Therefore,

"[w]hen we find the terms of a statute unambiguous, judicial inquiry is complete, except in rare

4

and exceptional circumstances." *Rubin v. United States*, 449 U.S. 424, 430 (1981) (quotation omitted).

Bankruptcy judges have no discretion if the documents required by § 521(a)(1) are not on the docket. They must dismiss a bankruptcy case on the 46th day after the petition date. *See In re Bagwell*, No. 24-11809 (DSJ), 2024 WL 5190413, at *3 (Bankr. S.D.N.Y. Dec. 20, 2024) ("First, and most importantly, the plain language of section 521(i) expressly and without textual exception mandates automatic dismissal, 'effective on the 46th day' after the petition date, if debtor fails to timely file schedules as required by section 521(a)."). *See also In re LLC 1 07CH12487*, 608 B.R. 830, 844 (Bankr. N.D. Ill. 2019) ("the automatic nature of the dismissal under section 521(i) takes away any discretion of the bankruptcy court regarding dismissal"); *Matter of Lugo*, 592 B.R. 843, 846 (Bankr. N.D. Ind. 2018) ("Much like Cinderella's pumpkin at midnight, if the required information has not been filed by the statutory deadline the magic ends and the case is automatically dismissed by operation of law on day 46.").

Debtor has had not just the 45 days allowed to all debtors, but more than 50 additional days to file these papers. The court granted Debtor an extension to December 9, 2024, and he filed nothing. Debtor then made an untimely request for an additional 30 days, which the court denied. Even construing the continuance of the Motion to Dismiss from December 16, 2024 to January 13, 2025 as an implied extension of time, that grace period has expired as well. Under the plain language of the Bankruptcy Code, the court has no choice but to grant the Motion to Dismiss. *See* 11 U.S.C. § 521(i)(3).

In addition to the plain language of 11 U.S.C. § 521, the court has already warned Debtor in writing that failure to comply with the requirements of § 521(a)(1) would result in dismissal. In a Memorandum Order issued on October 10, 2024, granting a motion for relief from stay, this

court wrote that "the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure require that Debtor file his Schedules and Statement of Financial Affairs.  Indeed, if he does not file these documents within 45 days after the date of the filing of the petition, the case may be dismissed effective on the 46th day.  *See* 11 U.S.C. § 521(i)."  EOD 20, p. 5.

For all of the reasons stated above, the court finds that Debtor has not complied with the requirements of 11 U.S.C. § 521(a)(1).  Therefore, the court must dismiss this bankruptcy case.

#### IV.  CONCLUSION

Having read the Motion to Dismiss, heard the arguments of the parties and reviewed the applicable case law, **IT IS ORDERED THAT** the Motion to Dismiss is **GRANTED**.  All pending matters in this case will be denied as moot and concluded.

ENTERED:

Date:  January 14, 2025

DAVID D. CLEARY
United States Bankruptcy Judge